STOKER, Judge.
This is a libel suit filed by Victor Bussie, President of the Louisiana AFL-CIO, against Margaret Lowenthal (Lowenthal) and the Boeing Company (Boeing). The defendant, Boeing, filed a motion for summary judgment which was denied by the trial court. Boeing thereafter applied for a writ of review to this court of appeal. The writ was denied on the basis that genuine issues of material fact existed precluding summary judgment. Boeing then applied for a writ of certiorari to the Louisiana Supreme Court. The Supreme Court *1175 granted Boeing’s writ and remanded the case to this court for argument, briefing and opinion. 514 So.2d 118.
FACTS
On October 15, 1985 State Representative Margaret Lowenthal, a candidate for the United States Congress, addressed the Lake Charles Optimist Club at its regular luncheon meeting. Local television and newspaper coverage was provided of the luncheon address.
During her speech to the Optimist Club, Lowenthal stated that she had been told by an unidentified representative of Boeing that Boeing had considered locating a manufacturing facility in Louisiana, but ultimately decided to locate the facility in Mississippi because of Louisiana’s unstable political climate and its alleged record regarding education. Lowenthal said that she was told further by the Boeing representative that, “‘As long as you have a man named Victor Bussie sitting in Baton Rouge, calling the shots for labor, we don’t need to be in your state.’ ” These remarks were later telecast by KPLC-TV in Lake Charles.
Victor Bussie filed suit against Lowen-thal and Boeing alleging that the statements were false and were made with actual malice by Lowenthal and Boeing. Bus-sie alleged that as such the statements damaged his reputation and held him up to public contempt and ridicule and caused him embarrassment, humiliation, mental suffering and anxiety.
Lowenthal claimed that the statements had been made to her while she was attending a cocktail party given by the Louisiana delegation to the National Conference of State Legislators which was held in August of 1985 in Seattle, Washington. Lowenthal was introduced to the Boeing representatives by Cornelia Carrier, a former state employee who was at the time employed by Boeing. Lowenthal could not recall the name of the Boeing representative who made the statements, and she could not accurately describe him.
Boeing asserted that only three persons affiliated with its company were present at the same cocktail party. Those persons were Cornelia Carrier, Bill Abbott and Terry Lewis. Abbott and Lewis both acknow-edged having met Lowenthal at the party, but denied ever having made such statements to her or in her presence.
SUMMARY JUDGMENT
Boeing filed its motion for summary judgment based upon the pleadings, affidavits, depositions and answers to interrogatories in the record. Lowenthal testified that a Boeing representative made the alleged defamatory statements. The Boeing representatives involved testified in depositions that they did not communicate the alleged defamatory statements to Lowen-thal.
Boeing maintained in its motion for summary judgment that no genuine issue of material fact existed based upon the testimony of the three Boeing representatives that they did not publish the alleged defamatory statements. Additionally, Boeing’s company records show that Carrier, Abbott and Lewis were the only persons present at the cocktail party on behalf of Boeing. Since Boeing denied being the source of the information, it contends that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. It is Boeing’s argument that because its representatives did not publish the statements, then plaintiff can never prove actual malice; therefore Boeing should prevail on the motion for summary judgment.
Boeing avers that, once it has moved for summary judgment, the burden shifts to the plaintiff to show with convincing clarity facts which justify the conclusion that the defendant published the alleged defamatory statements with malice. Batson v. Time, Inc., 298 So.2d 100 (La.App. 1st Cir.1974), writ refused, 299 So.2d 803 (La.1974). While we agree that such is the correct burden of proof in a defamation suit in which publication is not at issue, we conclude that it is not the appropriate consideration based upon the facts before us.
In an action in defamation, the plaintiff must show the following elements: *1176 (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Shylock, Inc. v. Covenant Broadcasting Corp. of Louisiana, 352 So.2d 379 (La.App. 4th Cir.1977), writ refused 354 So.2d 206 (La.1978). The parties stipulated that Victor Bussie is a public figure. Therefore, the New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) standard is applicable.
Boeing’s argument based upon the failure or inability of the plaintiff to ever show malice presumes that the fact of publication has not been shown by the plaintiff. The defendant has, in essence, asked the trial court to weigh and decide the merits of the conflicting testimony concerning publication by Boeing in order to reach the issue of proof of malice.
In Watson v. Cook, 427 So.2d 1312, 1315-16 (La.App. 2d Cir.1983), the court set forth the well established standards for summary judgment as follows:
“A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The mov-ant for the summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such issue of material fact is to be resolved against granting the motion. To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. The papers supporting the position of the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. No summary judgment will be granted even if the trial court has grave doubts regarding a party’s ability to establish disputed facts. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. The weighing of conflicting evidence on a material fact has no place in a summary judgment procedure. A motion for summary judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts, i.e., motive, intent, good faith, knowledge. Testimony should neither be received nor considered, even with the consent of counsel, to decide a motion for summary judgment. Making evaluations of credibility has no place in determining a summary judgment. (Citations omitted)
The question to be resolved in the instant motion for summary judgment is whether there exists any genuine issue of material fact concerning the publication by Boeing of the allegedly defamatory words. “Summary judgment will not lie if the dispute about a material fact is ‘genuine,’ that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.” Anderson v. Liberty Lobby, Inc., 471 U.S. 1134, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
The conflicting evidence concerning Boeing’s denial that the statements were in fact made and Lowenthal’s attribution of the statements to a representative of Boeing presents a question of credibility of witnesses and weighing the merits of the facts at issue. Stated succinctly, there is a genuine issue of material fact as to whether the alleged statements were actually made to Lowenthal. These considerations are more properly within the province of the trier of fact. They are not proper determinations for the trial court to make on a motion for summary judgment. LSA-C.C.P. art. 966; Lytell v. Goodyear Tire and Rubber Co., 439 So.2d 542 (La.App. 1st Cir.1983). We find no error was com *1177 mitted by the trial court in denying summary judgment.
Because we find that the genuine issue of material fact involves the element of publication, any discussion of the element of malice is pretermitted.
What we have stated above should suffice. However, Boeing strenuously urges the evidentiary standard laid down by New York Times v. Sullivan, supra, requires a different approach. That standard applies to libel suits by public officials and public figures. About this there is no dispute. The standard in such suits requires the plaintiff official or figure to show that in publishing the defamatory statement the defendant acted with actual malice, that is, that the statement was made with knowledge that it was false or with reckless disregard of whether it was false or not. Actual malice under the New York Times standard must be shown by clear and convincing evidence.
The essence of Boeing’s argument as set forth in its brief is:
“The evidence in the record is clear and unmistakable that the allegedly defamatory statements concerning plaintiff were not from The Boeing Company or any of its representatives; and, from such evidence, a reasonable jury could not find by clear and convincing evidence that plaintiff has shown actual malice.”
In our opinion the clear and convincing evidence standard applies only to the proof of malice, the state of mind of the alleged declarant. It does not extend to the issue of the identity of the declarant or whether the alleged defamatory statement was in fact made. As to these last mentioned elements the applicable standard is the general Louisiana rule as to genuine issues of material fact in summary judgment cases. Boeing urges that in Anderson v. Liberty Lobby, Inc., supra, the United States Supreme Court held New York Times applies at the summary judgment stage and, thus, governs here. While this is the Anderson holding, it does not apply to the predicate facts of identity and publication in fact. The Anderson majority opinion contains the following reservation:
“Our holding that the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Adickes [v. S.H. Kress & Co.], 398 U.S. [144], at 158-159, 90 S.Ct. [1598], at 1608-1609 [(1970)]. Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial. Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948).”
The reference in the foregoing quotation to jury functions would, of course, apply to a court sitting as the trier of fact in a nonjury case.
For the foregoing reasons the judgment of the trial court denying the Boeing Company’s motion for summary judgment is affinned. Costs are assessed to the defendant-relator, Boeing Company.
AFFIRMED.