535 So.2d 378 (1988)
Victor BUSSIE
v.
Margaret LOWENTHAL and the Boeing Company.
No. 88-CC-0990.
Supreme Court of Louisiana.
December 12, 1988.
*379 David Frohn, William J. Mize, Carmouche, Gray & Hoffman, Lake Charles, for applicant.
Benjamin Mount, Scofield, Bergstedt, Gerard, Mount Vernon, Lake Charles, John Avant, Avant & Falcon, Baton Rouge, for respondent.
CALOGERO, Justice.
This defamation action arises from remarks allegedly made by an employee of the Boeing Company, and repeated by a candidate for political office, regarding Victor Bussie, President of the Louisiana AFL-CIO. Margaret Lowenthal, while campaigning for a seat in the United States Congress on October 15, 1985, told a luncheon audience in Lake Charles that she had learned that the Boeing Company had recently decided to locate an aircraft manufacturing plant in Mississippi rather than Louisiana. Ms. Lowenthal also stated that a Boeing official had told her that:
"As long as you have a man named Victor Bussie sitting in Baton Rouge, calling the shots for labor, we don't need to be in your state."
Ms. Lowenthal's speech was covered by a local television station, and her remarks about Mr. Bussie were aired on the evening news. Mr. Bussie thereafter filed a defamation action against Lowenthal and Boeing, alleging that the statement (quoted above) was false and had subjected him to ridicule, contempt and distrust among the general public.
After discovery was conducted, Boeing moved for summary judgment, alleging that there was insufficient evidence to establish *380 that one of its employees actually made the statement, as asserted by Lowenthal.[1] Boeing also sought summary judgment on the ground that even if one of its employees made the statement, Mr. Bussie had presented no evidence that the employee acted with "actual malice."[2]
The trial court denied Boeing's motion for summary judgment, and the court of appeal denied that defendant's application for a supervisory writ. This Court then granted a writ of review and remanded the case to the court of appeal for argument, briefing and opinion.[3] On remand the court of appeal issued an opinion affirming the trial court's denial of summary judgment for Boeing.[4] Again we granted a writ of review.[5]
We now reverse the lower courts and grant the summary judgment sought by Boeing, finding it unnecessary to address the issue which the court of appeal found dispositive (whether the statement was in fact made by a Boeing employee) or the equally essential question of whether the statement was made with actual malice. As explained hereinafter, the statement at issue was not an assertion of fact. Instead, it was a statement of opinion which did not give rise to a defamatory factual inference. Therefore, the statement is protected by the First Amendment to the United States Constitution.
In New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the United States Supreme Court held that the First Amendment limits the right of a public figure to recover damages for defamation. It is not enough for the public figure plaintiff to prove that the statement sued upon is false. Because the First Amendment protects honest misstatements of fact that are made regarding public figures, such plaintiffs must also prove that the statement was made with "actual malice." In this context, actual malice means that the defendant made the statement with knowledge that it was false, or with reckless disregard for the truth. 376 U.S. at 254, 84 S.Ct. at 710.
New York Times involved false assertions of fact. Gertz v. Robert Welch, Inc., 418 U.S. 323, 339, 94 S.Ct. 2997, 3006, 41 L.Ed.2d 789 (1974), a case which refined the New York Times standard in certain respects not pertinent here, strongly implied that the First Amendment also protects assertions of opinion. The United States Supreme Court stated in Gertz that:
Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.
418 U.S. at 339, 94 S.Ct. at 3007.
In Mashburn v. Collin, 355 So.2d 879 (La.1977), this Court considered the issue of whether the First Amendment protects *381 assertions of opinion. Relying heavily on New York Times and Gertz, we concluded "that the First Amendment freedoms ... afford, at the very least, a defense against defamation actions for expressions of opinion...." 355 So.2d at 885.
As we noted in Mashburn, the distinction between a statement of fact and an assertion of opinion is "somewhat difficult to state in abstract terms." Id. at 885. The reason for the conceptual difficulty is that many, if not most expressions of opinion are accompanied by express or implied statements of fact. Id. at 885-86.
A pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation That is because falsity is an indispensable element of any defamation claim, see Cangelosi v. Schwegmann Bros., 390 So.2d 196, 198 (La.1980), and a purely subjective statement can be neither true nor false. Of course, statements of opinion are usually not made in a vacuum, without an express or implied reference to underlying facts. Even if no facts are expressly stated, the opinion may give rise to an unspoken inference that certain facts are true. Mashburn, 355 So. 2d at 885-86. For example, if a person states that "In my opinion, Mr. Smith is a thief," the inference is that the speaker is aware of facts which support his opinion. Such a statement, though couched in terms of an opinion, could certainly give rise to a defamation action.
We held in Mashburn that even if an opinion gives rise to false factual inferences, the defendant will be liable only if the statement was made with "knowing or reckless falsity." Id. at 885. Of course, if the opinion does not involve an express or implied assertion of fact there can be no liability, because without an assertion of fact there can be no falsity. And even if the opinion creates an inference that certain facts exist, the factual assertion must be defamatory in order to be actionable, as defamatory words are another essential element of any defamation claim. Freeman v. Cooper, 414 So.2d 355 (La.1982).
The determination of whether a statement is an assertion of fact or a mere expression of opinion should be made according to the facts of each particular case. In Mashburn, we noted that "the crucial difference between statement of fact and opinion depends upon whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact." 355 So.2d at 885. If it can be determined from the application of this test that the statement was an expression of opinion, then the defamation action should fail, unless the opinion gives rise to a false and defamatory factual inference which was made with actual malice.[6]
The statement at issue in this case was allegedly made by a Boeing employee to Lowenthal at a cocktail party. The party was held during an August, 1985 convention in Seattle, Washington for the National Conference of State Legislators. For the purpose of deciding whether this statement is protected as an expression of opinion, we will assume (without deciding) that the man who made the statement to Ms. Lowenthal was a Boeing employee.
The statement was made to Ms. Lowenthal at the conclusion of a discussion in which she was engaged with several other persons at the cocktail party on the general subjects of business, political and economic conditions in Louisiana. According to Ms. Lowenthal, the Boeing employee told her that he had listened to that conversation, and that "as long as you have a man named Victor Busssie sitting in Baton Rouge, we don't need to be in your state."
The Boeing employee's assertion about what Boeing needed, or desired to do, was clearly an expression of opinion. Ordinary persons hearing such a statement would be likely to understand that it was merely an *382 expression of the speaker's opinion. Further, the statement was made at a cocktail party during or shortly after a political discussion, an environment where it is quite the norm for speakers to express their subjective views on the matters being discussed. It is unlikely that any ordinary listener would have interpreted the statement to be an assertion of fact rather than an expression of opinion.
Such an expression of opinion is actionable only if it implied the existence of underlying facts, and in turn the implied factual assertion was false, defamatory and made with actual malice. We have scrutinized the statement in order to ascertain whether there is any actionable implied assertion of fact, and find none.
The only inference which we can draw from the statement is that the speaker, or the speaker's superiors within the company (according to the speaker's understanding), for reasons unspecified and not otherwise obvious, did not believe that it was in Boeing's best interest to locate its business in Louisiana while plaintiff is a labor leader in this state. We cannot infer why the speaker held this opinion, and do not find that the statement implies, one way or another, the reasons the employee believed that Boeing's interest was disserviced by Mr. Bussie's leadership presence in Louisiana.
The statement simply does not give rise to any defamatory inference. It does not imply that the plaintiff is dishonest or disreputable. In fact, the statement does not necessarily give rise to any inference about Mr. Bussie that is unfavorable. While the speaker did not state that Bussie is a strong and effective labor leader, that explanation of his opinion is as plausible as any other. Defamatory words are those which tend to expose a person to contempt or ridicule, or which otherwise deprive that person of public confidence or cause injury to his reputation. Freeman v. Cooper, 414 So.2d 355 (La.1982). Here there was no express or implied factual assertion which was defamatory.
The dissenting opinion argues that the issue of what a reasonable person would assume or infer about the statement is necessarily a factual one, which should not be resolved by summary judgment. Though the dissenter cites Mashburn in support of that argument, we note that this Court ordered summary judgment in favor of the defendant in that case. After emphasizing the need for effective summary judgment practice in cases affecting the exercise of First Amendment liberties, 355 So.2d at 879, the Court found as a matter of law that the statements at issue were opinions that did not give rise to any actionable defamatory factual inferences.
True, the question of whether a statement is one of fact or opinion depends upon the circumstances in which the statement was made, and the reasonable inferences which may be drawn from a statement of opinion will vary depending upon the circumstances of the case. We of course do not suggest that summary judgment on this issue will be appropriate in all defamation actions that may involve statements of opinion. But in this case, as in Mashburn, summary judgment is appropriate. Giving the plaintiff the benefit of an assumption that the statement was made by a Boeing employee, there is no genuine issue of material fact pertaining to the circumstances in which the statement was made or the content of the statement. Given this factual setting (as established through depositions of the major witnesses and other pre-trial discovery), the question of whether the statement is actionable in defamation is a question of law. As a matter of law, given the facts of this case, we hold that no defamatory factual inference was created by the statement.
The dissenting opinion, citing plaintiff's supplemental brief, speculates as to possible negative inferences about Mr. Bussie which "might" be made by persons hearing the statement. We are unconvinced by this speculation, for, as noted above, it is equally plausible for a listener to draw positive inferences about plaintiff from the statement (or, for that matter, no inferences).
In order for a statement of opinion to be actionable in defamation on the ground that it gives rise to a defamatory factual inference, the factual inference created *383 by the statement must be ascertainable by a reasonable person with some degree of certainty. Otherwise, juries would be asked to engage in guessing-games about possible uncomplimentary inferences that can be drawn from statements of opinion,[7] and the First Amendment protections afforded in this area would become worthless. Here there is no inference which can be drawn from the statement with any degree of certainty whatsoever, so submission of the issue to a jury would be inappropriate. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986) (discussing similarity between standard for summary judgment and standard for directed verdict).
In conclusion, we hold that the statement allegedly made by the Boeing employee was a statement of opinion which is protected by the First Amendment. We further hold that the statement did not give rise to any factual inference that is false or defamatory. Therefore, Boeing is entitled to summary judgment. Because we find no false or defamatory factual inference, the question of actual malice (which presupposes falsity) is not reached. See Letter Carriers v. Austin, 418 U.S. 264, 284, 94 S.Ct. 2770, 2781, 41 L.Ed.2d 745 (1974) ("[b]efore the test of reckless or knowing falsity can be met, there must be a false statement of fact.") Nor do we reach Boeing's alternative argument that there is insufficient evidence to show that one of its employees actually made the statement.

Decree
For the foregoing reasons, the judgments of the court of appeal and trial court are reversed. Boeing's motion for summary judgment is granted, and the case against that defendant is dismissed with prejudice. The case is remanded to the district court for further proceedings.
REVERSED: SUMMARY JUDGMENT GRANTED: REMANDED TO THE DISTRICT COURT.
LEMMON, J., dissents and assigns reasons.
COLE, J., dissents for reasons assigned.
COLE, Justice, dissenting.
I disagree with the majority's result and its rationale.
In our haste to grant summary judgment for a defamation defendant, we again ignore established statutory and jurisprudential law governing summary judgment. Under Article 966 of the Code of Civil Procedure, a party is entitled to summary judgment only when the record clearly shows there is no issue of material fact and the movant is entitled to judgment as a matter of law. The movant bears the burden of showing the absence of a factual issue and all reasonable inferences are drawn in favor of the party opposing the motion. See Mashburn v. Collin, 355 So.2d 879, 890 (La.1977); Batson v. Time, Inc., 298 So.2d 100 (La.App. 1st Cir.1974), writ denied 299 So.2d 803 (La.1974). As the Court of Appeal observed in Batson, it is important, even in libel cases, to protect a plaintiff's right to a trial by jury. 298 So.2d at 107.
In this case, the record presents two factual questions properly resolved by the trier of fact. First, the actual identity of the non-media declarant is disputed. Defendant Lowenthal stated in her deposition the statement about Bussie which is the source of this lawsuit was made to her by a Boeing representative at a party in Seattle. The three Boeing representatives allegedly *384 at the party deny making the statement. As the Court of Appeal correctly noted, these conflicting statements present a credibility question properly resolved by the trier of fact, not by a court hearing a summary judgment motion. Bussie v. Lowenthal, 526 So.2d 1174, 1176 (La.App. 3d Cir.1988). The majority assumes away this factual dispute.
The second, and more serious factual question presented on the record before us is whether a reasonable person could conclude the statement at issue gives rise to an inference certain defamatory facts are true. Mashburn, 355 So.2d at 885-886. To state the question, couched in terms of what a reasonable person would assume or infer, indicates the issue is a factual one not properly resolved by a reviewing court in the context of a summary judgment motion. The majority decides, apparently as a matter of law, the statement attributed to Boeing does not give rise to a false or defamatory factual inference. This conclusion is factually unwarranted on the sparse record before the Court and contrary to our existing law. In his briefs, Bussie pointed out several defamatory factual inferences that can be drawn from the statement in question.[1] The majority's decision that none of these inferences apply usurps the function of the factfinder and is contrary to the rule in Mashburn that the reasonable inferences from the record should be drawn in favor of the party opposing the motion, Bussie. 355 So.2d at 890.
The majority cites no U.S. Supreme Court authority for the proposition the First Amendment requires summary judgment here, for indeed there is none.[2] The trier of fact is the proper authority to decide both the credibility issue and the question of whether a reasonable person might draw defamatory inferences from the statement by defendant Lowenthal, attributed to Boeing. By concluding otherwise here, the majority abandons our strong predisposition in favor of trial on the merits. See Haas v. Gill, 531 So.2d 457, 459-460 (La. 1988) (Cole, J. dissenting). I do not contend Bussie would have prevailed at trial, for that issue was not properly before the court. He is, however, entitled to have factual questions resolved by the trier of fact. Therefore, I am compelled to dissent and do so respectfully.
NOTES
[1] In her discovery deposition, Ms. Lowenthal could not identify, by name or by specific description, the Boeing employee who made the statement about Mr. Bussie. She testified that the statement was made at a cocktail party by a man she assumed worked for Boeing because he was standing in the proximity of other persons who had identified themselves as Boeing employees. Also, the man invited her to the Boeing hospitality suite at the conclusion of the party. In response to discovery requests, Boeing stated that only three of its employees, two men and one woman, attended the party. When deposed, both male employees (neither of whom resides in this state) denied making the statement. Both testified that they had never heard of Mr. Bussie until the institution of this lawsuit.
[2] The parties have stipulated that plaintiff is a public figure and thus must prove with "convincing clarity" that the defendants made the alleged defamatory statements with "actual malice," i.e., with knowledge that the statement was false or with a reckless disregard for the truth. New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). When the defendant moves for summary judgment in a case covered by the New York Times standard, "the appropriate summary judgment question will be whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).
[3] 514 So.2d 118 (La.1987).
[4] 526 So.2d 1174 (La.App. 3rd Cir.1988).
[5] 528 So.2d 152 (La.1988).
[6] Although this case involves a public figure plaintiff, Mashburn expressly held that First Amendment protection for statements of opinion applies in all cases, whether the plaintiff is a public figure or not.
[7] Note the number and character of the speculative inferences which respondent has been able to generate (that for some reason Boeing would not receive fair treatment by labor because of plaintiff, that plaintiff might have done something to prevent Boeing from coming to Louisiana, or that plaintiff somehow might have made the cost of doing business in Louisiana prohibitive; see plaintiffs' supplemental brief at 8-10).

An example of a statement which would not require such guesswork is: "In my opinion, Mr. Smith's dishonesty is caused by his upbringing." In that example, the factual inference (that the plaintiff is dishonest) is readily ascertainable, and, if untrue, defamatory.
[1] A reasonable person might infer the statement assumes Boeing would not receive fair treatment by labor because of Bussie, that Bussie had done something to prevent Boeing from coming to Louisiana, that Bussie made the cost of doing business in Louisiana prohibitive, etc. See Plaintiff's Supplemental Brief at 8-10.
[2] The question of whether defamatory factual inferences can be drawn from a statement of opinion is closely analagous to the question of whether a statement is one of fact or opinion. See Mashburn, 355 So.2d at 885-886. Both questions, phrased in terms of what a reasonable person would think, suggest they are properly for the jury. See Greenbelt Cooperative Publishing Association, Inc. v. Bresler, 398 U.S. 6, 22, 90 S.Ct. 1537, 1548, 26 L.Ed.2d 6 (1970) (White, J. concurring). The majority adduces neither reasons nor authority for making these factual questions legal ones.