11 STEWART, Judge.
The Mayor of Winnfield, Kenneth W. “Jack” Henderson, plaintiff, filed an action for defamation against Leo and Gertie Richardson and their attorney, Edward J. Larva-dain, Jr. The trial court awarded the plaintiff $1,000.00 in damages.. The defendants subsequently lodged this appeal. For the reasons assigned, we reverse.
FACTS
The facts reveal that on October 29, 1990, the Winnfield Police Department executed a search warrant at the home of Leo and Ger-tie Richardson, Jr. in an attempt to locate evidence of the unauthorized sale of alcoholic beverages. The Richardsons subsequently filed suit against Jack Henderson, the Mayor of Winnfield, and Cranford Jordan, the Chief of Police, alleging that the Winnfield Police Department wrongfully and unnecessarily damaged the defendants’ home while executing the search warrant and that the mayor was present, but took no steps to control the officers. The Richardsons, who were attending a funeral in Houston at the time of the search, made the following allegations in their original petition:
6.
“... Jack Henderson and Cranford Jordan and approximately five other officers, who were acting as their agents and under their authority and control allegedly armed with a search warrant of plaintiffs’ house, blocked off Lucky Avenue, the street on which the plaintiffs lived and crashed on their residence ... as ‘gangbusters’.”
10.
“... Cranford Jordan, chief of police, told police officer, Sonny Robinson to kick the door down, which he did, and he told Gleason Nugent to search the house and by so doing Gleason Nugent and Sonny Robinson ransacked the house ... Defendant, Jack Henderson, was present and observed what was going on and did not take any action to prevent it.”
In the trial on the damage claim, the Rich-ardsons recovered $2,500.00 against all the defendants, except the mayor, who was dismissed prior to trial.
RThe Mayor later filed suit against the Richardsons’ and their attorney, asserting that the allegations made by the Richardsons in their petition were defamatory. The trial court agreed and awarded the Mayor $1,000.00. The defendants appealed.
DISCUSSION
On appeal, the defendants contend that the trial court erred in concluding that the lawsuit initiated against the mayor was defamatory. Specifically, the defendants argue that the plaintiff is a public figure and that the trial court erred when it found that the allegations made in the petition were made with actual malice. In response, the plaintiff asserts that the defendants acted with actual malice because they failed to prove at trial that the mayor was present at the scene on the day of the incident and because the Rich-ardsons attorney failed to independently investigate the claims of his clients before filing suit.
To maintain a defamation action under Louisiana law, the following elements must be shown: 1) defamatory words; 2) publication; 3) falsity; 4) malice; and 5) resulting injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196, 198 (La.1980). However, when a public figure is the object of alleged defamatory words, the United States Supreme Court has held that the First Amendment limits the right of the public figure to recover damages for defamation. In New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the Supreme Court concluded that it is not enough for the public figure to prove that the statement sued upon is false. Because the First Amendment protects honest misstatements of fact that are made regarding public figures, such plaintiffs must also prove that the statement was made with “actual malice.” In this context, actual malice means that the defendant made the statement with knowledge that it was Ufalse, or with reckless disregard for the truth. Bussie v. Lowenthal, 535 So.2d 378, 380 (La.1988), citing New York Times v. Sullivan, supra. Moreover, the public official plaintiff *136 must meet this burden not merely by a preponderance of the evidence, but with “clear and convincing proof.” Kidder v. Anderson, 354 So.2d 1306 (La.1978), citing Gertz v. Robert Welch, Inc., 418 U.S. 323, 342, 94 S.Ct. 2997, 3008, 41 L.Ed.2d 789 (1974). See also New York Times Company v. Sullivan, supra.
In the instant case, the trial court gave several reasons for its finding that the defendants acted with actual malice when suit was filed. First, the court found the testimony of Mrs. Bush and Mrs. Pikes, neighbors of the Richardsons, to be less than convincing. Both Bush and Pikes testified that on the date of the incident, they saw the mayor riding in the passenger seat of a blue LTD between 6:00 and 6:30 p.m. Mrs. Bush testified that she saw the mayor get out of the car and wait across the street from the scene at the Masonic Hall. But, Mrs. Pikes stated that she only saw the car with the mayor in it pass by the scene. Neither individual testified that she saw Henderson go towards the house.
Although the trial court found the testimony of Bush and Pikes to be incredible, the test for determining malice is a subjective one, and not objective. Garrison v. Louisiana, 379 U.S. 64, 79, 85 S.Ct. 209,13 L.Ed.2d 125 (1964). Thus, the critical issue is not whether the factfinder believed Mrs. Bush and Mrs. Pikes, but whether the Richardsons in fact believed the statements made by the two ladies to be true. The testimony adduced at the trial clearly indicates that both Mr. and Mrs. Richardson believed the accounts of Bush and Pikes. The defendants testified that they were in Houston when the incident occurred and could only rely upon the statements of their neighbors who witnessed the incident. Mrs. Richardson |4explained that because she and her husband were not present, they accepted as true their neighbors’ statements that the mayor participated in the search.
Second, the trial court found that the Rich-ardsons offered no evidence to support the allegations in their original petition, and thus acted with reckless disregard in filing their lawsuit. Mrs. Richardson testified that when she returned from Houston on the evening of the incident, there were numerous people at her home telling her various accounts of what happened. Understandably upset by what had transpired, Mrs. Richardson was unable to talk with all of the individuals who witnessed the incident, but the consensus, among those with whom she spoke, was that the mayor was present during the search. The Richardsons subsequently contacted an attorney who also agreed that there was a factual basis for the lawsuit. After conducting the appropriate discovery, which revealed that the mayor was not a participant in the search, the Richardsons, advised by their attorney, dismissed all the claims against the mayor. The steps taken by the Richardsons do not support the conclusion that they acted with reckless disregard for the truth in filing their lawsuit against the mayor.
Finally, the trial court concluded that the failure of Ed Larvadain to file a verified petition, write a demand letter, and investigate the claims of the Richardsons was evidence of actual malice. Ed Larvadain testified that the Richardsons came to his office with information from family, neighbors, and friends in Winnfield about the search of their home. Based on his discussion with the Richardsons and an article about the incident that appeared in the Alexandria Daily Town Talk, Larvadain testified that he, too, initially believed that the mayor was present at the scene. Larvadain simply relied on the facts conveyed to him by his clients, and the newspaper account provided. Once he established the credibility of 15his clients and was satisfied that there was a factual basis for the lawsuit, Larvadain was justified in filing suit and was not required to file a verified petition or write a demand letter. Moreover, once it was determined through discovery that there was no factual basis for the particular claims against the mayor, those claims were properly dismissed, and the Richard-sons proceeded against the remaining defendants and recovered $2,500.00 in damages.
In light of the testimony of the Richard-sons and their lawyer, we find that the plaintiff, Kenneth W. “Jack” Henderson, a public official, has not proven by clear and convincing evidence that the statements in the petition were written and published with actual *137 malice — either with actual knowledge of the falsity of the statements or with reckless disregard for the truth.
DECREE
Because the constitutional requirement for the recovery of damages by a public official has not been met, we reverse and render judgment rejecting Henderson’s demands at his cost.
REVERSED AND RENDERED.
APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, WILLIAMS and STEWART, JJ.
Rehearing denied.