The parties were divorced on May 23, 1988. The mother was awarded physical custody of the parties' minor child, and the father was ordered to pay child support. In November 1998, the mother petitioned for a modification, requesting that the court order the father to pay postminority support toward the child's college expenses. Following an ore tenus proceeding, the court entered an order, stating, in part:
 "1. It appears to the Court that the [father] is a resident of the State of Georgia and that the minor child of the parties has been admitted to Georgia [Institute of Technology] and that so long as the minor child attends Georgia Tech and maintains a proper grade point average, his tuition will be paid by the Hope Scholarship Fund of the State of Georgia.
 "2. [The father] shall continue to pay to [the mother] the sum of $690.00 per month current child support through the month of March 2000.
 "3. Thereafter, commencing the month of April 2000, [the father] shall pay to [the mother] the sum of $417.00 per month, post-minority support for each month of the school year, September through May. If the child of the parties attends the summer term, [the father] shall pay such support for each month of the year, January through December. [The father's] obligation shall continue so long as the child of the parties shall be a full time student (attending 2 semesters or 3 quarters per year) and shall maintain a 3.0 grade point average on a 4.0 system or its equivalent on any other system. [The father's] obligation shall extend through the entire undergraduate schooling of the child so long as the above conditions are met.
 "4. [The father] shall maintain full coverage insurance on the automobile of the child of the parties throughout his undergraduate schooling.
 "5. Upon request by [the mother], [the father] shall maintain health insurance on the child of the parties, during his undergraduate schooling. Whether covered by insurance through [the mother or the father], [the father] shall pay 75% of all medical and dental expenses not covered by insurance.
 "6. In the event that in the future the child of the parties no longer qualifies for the Georgia Hope Scholarship, the Court reserves the question of allocation of tuition and book expense to be determined at such time."
The father filed a postjudgment motion; the court amended its order to state: "[The mother] shall maintain insurance coverage on the minor's vehicle provided that she is reimbursed for the premium within twenty (20) days of payments by the [father]." The father appeals.
The father argues that the court erred in requiring him to pay health insurance, automobile insurance, 75% of all noncovered medical expenses, and postminority support for the child, particularly because there is no time limitation on his obligation. *Page 722 
The parties stipulated that, based on the father's annual income of $150,000 and the mother's annual income of $48,000, the father would pay 75% of the postminority support. The mother testified that the child had had an excellent scholastic record and that he had been accepted to attend Georgia Tech. The father testified that he had obtained a Hope scholarship for the child based on the father's Georgia residency; that the scholarship covered tuition and books; and that the school had awarded to the child $2,000 toward the purchase of a required computer. Admitted into evidence was an estimated annual cost of attendance of $11,208 for a Georgia resident. The mother stated that she had estimated that her expenses would be $8,882 for the child, which included $141 per month for health-and dental-insurance coverage; $3,660 in annual automobile payments; and $700 per year for automobile insurance; and $2,000 for clothing and personal necessities.
In Luce v. Luce, 681 So.2d 613 (Ala.Civ.App. 1996), this court determined that a trial court lacks the authority to require a father to pay health insurance for a child after the child has reached the age of majority. We stated:
 "The general rule regarding child support from a noncustodial parent is that the child is entitled to support only until the age of majority. Whitten v. Whitten, 592 So.2d 183, 185 (Ala. 1991). However, our supreme court has recognized two exceptions to this general rule: payment of post-minority support for a physically and/or mentally disabled child, see Ex parte Brewington, 445 So.2d 294 (Ala. 1983); and payment for education support where application is made before the child reaches age 19. . . .
 "This court has held that absent Brewington factors, a trial court has no authority to require that a noncustodial parent provide health insurance beyond the age of majority. Barnes v. State ex rel. Barnes, 653 So.2d 310 (Ala.Civ.App. 1994). The trial court's attempt to place both academic and age restrictions on the father's obligation to provide health insurance does not bring the payment of post-minority health insurance within the exception for continued educational support. . . ."
Id. at 616.
The court did not err in awarding postminority support for educational expenses. However, after carefully reviewing the record and the applicable caselaw, we conclude that the court did err in ordering the father to provide a reimbursement to the mother for automobile insurance and to maintain health insurance for the child. Additionally, there is no evidence that the child has a mental or physical condition that, under the Brewington factors, would warrant the father's being required to pay 75% of all noncovered medical and dental expenses. Accordingly, those portions of the judgment ordering the father to pay and/or to reimburse the mother for automobile and health insurance, and ordering the father to pay 75% of all noncovered medical and dental expenses are reversed. Otherwise, the judgment is affirmed. The case is remanded for the court to enter a judgment consistent with this opinion.
We find the father's argument regarding an abuse of discretion based on a lack of a time limitation on his post-minority support obligation to be without merit. The court stipulated a time limitation by requiring the child to maintain at least a 3.0 grade-point average as a full-time student and ordering the father to pay only during those months that the child is in attendance, through the child's undergraduate schooling.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Monroe and Thompson, JJ., concur.
Crawley, J., concurs in part and dissents in part. *Page 723