826 So.2d 1176 (2002)
Johnny Lynn McEACHERN, Plaintiff-Appellant,
v.
John MILLS, State Farm Mutual Automobile Insurance Company and Travelers Indemnity Insurance Company, Defendants-Appellees.
No. 36,156-CA.
Court of Appeal of Louisiana, Second Circuit.
August 16, 2002.
Broussard & Lee by Robert Allen Lee, Francis C. Broussard, for Appellant.
Nelson, Zentner, Sartor & Snellings by Thomas G. Zentner, Jr., for Appellee State Farm Mutual Automobile Ins. Co.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell by Joseph S. Woodley, for Travelers Indemnity Ins. Co.
Before STEWART, GASKINS and DREW, JJ.
DREW, J.
The sole issue here is whether plaintiff is entitled to recover uninsured motorist (UM) benefits from his employer's automobile insurance coverage. The plaintiff, Johnny L. McEachern, appealed the summary judgment denying coverage and dismissing *1177 his action with prejudice. The judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND
For purposes of this appeal, the relevant facts are not in dispute. On August 16, 1997, while in the course and scope of his employment, McEachern was driving his personally owned 1992 Chevrolet Caprice north on Highway 557 in Ouachita Parish. John Mills was driving south on Highway 557 in a 1997 Chevrolet pick-up truck. A third driver, James Shirley, pulled out of a private drive onto the highway causing Mills to swerve his southbound vehicle into McEachern's lane and to collide with McEachern's northbound car. McEachern sustained injuries, including a broken leg which required surgery.
McEachern initially sued Mills and his insurer, State Farm Mutual Insurance Company. In a supplemental and amending petition, McEachern added as a defendant, Travelers Indemnity Insurance Company, the insurer of his employer, American Magnatite. The plaintiff alleged that the Travelers issued to American Magnatite and its subsidiary, Louisiana Magnatite, an automobile liability policy which provided uninsured motorist coverage to McEachern. In the amended petition, McEachern alleged that James Shirley "was insured through Illinois National Insurance" which had paid its $10,000 policy limits. Later, plaintiff dismissed his action against Mills and State Farm pursuant to a settlement. McEachern's own auto insurer was State Farm which also paid $10,000 under plaintiff's State Farm UM coverage.
In its motion for summary judgment, Travelers asserted that McEachern had no coverage under the policy because he was not a named insured for auto liability. Alternatively, if McEachern was found to be an insured for liability coverage, then the UM coverage did not apply because plaintiff was operating his personal vehicle which was not a described vehicle in the policy. Finally, because McEachern elected coverage under his own UM policy, he was prohibited by Louisiana law from "stacking" UM benefits and could not recover under his employer's UM protection.

THE TRAVELER'S POLICY
The relevant portions of the Travelers policy issued to McEachern's employer are:
LIABILITY COVERAGE
. . .
1. WHO IS AN INSURED
The following are "insureds":
a. You for any covered "auto."
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow, except:
(1) The owner or anyone else from whom you hire or borrow a covered "auto." This exception does not apply if the covered "auto" is a trailer connected to a covered "auto" you own.
(2) Your employee if the covered "auto" is owned by the employee or a member of his or her household.
(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.
(4) Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered "auto."
(5) A partner of yours for a covered "auto" owned by him or her or a member of his or her household.

*1178 c. Anyone liable for the conduct of the "Insured" described above but only to the extent of that liability.

LOUISIANA UNINSURED MOTORISTS COVERAGE BODILY INJURY:
WHO IS AN INSURED
1. You.
2. If you are an individual, any "family member."
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
5. Anyone else "occupying" an "auto" you do not own and that is a covered "auto" under this coverage part for Liability Insurance and is licensed or principally garaged in Louisiana.
C. This insurance does not apply to:
. . .
4. "Bodily injury" sustained by an "insured" while "occupying" by any vehicle owned by that "insured" that is not a covered "auto."
Included in the policy is a COVERAGE PART DECLARATIONS which contains a chart showing coverage and liability limits:

Coverage Covered Auto Symbol Limits of Insurance
 The most we will pay for one
 accident or loss.
Liability 7 8 9 $1,000,000
Uninsured Motorists 2 $ 500,000

The definitions of the numerals used in the Coverage Part Declarations are contained in the Business Auto Coverage Form portion of the policy.

SECTION 1 COVERED AUTOS
ITEM TWO of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designates the only "autos" that are covered "autos."
2 = OWNED "AUTOS" ONLY. Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins.
. . .
7 = SPECIFICALLY DESCRIBED AUTOS. Only those "autos" described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in ITEM THREE).
8 = HIRED "AUTOS" ONLY. Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your employees or partners or members of their households.
9 = NONOWNED "AUTOS" ONLY. Only those "autos" you do not own, lease, hire, rent, or borrow that are used in connection with your business. This includes "autos" owned by your *1179 employees or partners or members of their households but only while used in your business or your personal affairs.

DISCUSSION
In Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, the supreme court explained that appellate courts make de novo reviews of summary judgments on appeal. An appellate court must ask the same questions as the trial court in ascertaining whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact and whether the mover-appellant is entitled to judgment as a matter of law. Summary judgment procedure is favored, and must be construed to secure the just, speedy, and inexpensive determination in appropriate actions. La. C.C.P. art. 966(A)(2). Magnon, supra.
The public policy of Louisiana strongly favors UM coverage and a liberal construction of the UM statute. Automobile liability insurance delivered or issued for delivery in Louisiana and arising out of ownership, maintenance, or use of a motor vehicle registered in Louisiana and designed for use on public highways must provide UM coverage equal to the liability provided for bodily injury, unless UM coverage has been validly rejected or lower UM limits have been selected. La. R.S. § 22:1406. The requirement that there be UM coverage is an implied amendment of any automobile liability policy, even one which does not expressly address the subject matter. UM coverage will be read into the policy unless validly rejected. Magnon, supra.
In the present dispute, the parties did not raise any genuine issues of material fact. This court found none in reviewing the record. Therefore, the determination is whether as a matter of law McEachern is entitled to UM coverage under the policy Travelers issued by his employer either under the UM coverage or the liability provisions of the policy.
Although Louisiana's public policy strongly favors UM coverage, it is wellsettled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy. Citing Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990), the Magnon court observed that UM coverage attached to the person of the insured, not the vehicle, and the provisions of UM coverage purporting to limit insured status to situations which involved a connection to an insured vehicle violated the UM law. Therefore, any person enjoying the status of an insured under a Louisiana motor vehicle liability policy that included UM coverage was protected if injured by an uninsured motorist. In other words, a plaintiff must be an "insured" under auto liability coverage to be entitled to UM coverage. Magnon, supra. The court concluded that Magnon was not insured under the general liability coverage which excluded any employee using his own personal auto. Therefore, Magnon was not entitled to UM coverage under the general liability portion of the policy.
The court likewise rejected Magnon's argument that he was entitled to coverage under the UM coverage of the Non-owned and Hired Auto Liability section. In Magnon, supra, the employee was injured while driving his own auto in the course and scope of his employment. The employer's insurer issued a Commercial General Liability (CGL) policy which contained a separate section for Non-owned and Hired Autos with $1,000,000 in auto liability coverage. The policy did not expressly provide UM coverage but UM coverage was not validly rejected. The Non-Owned and Hired Auto Liability section of the CGL policy provided Magnon's employer was the Insured. Further, it was undisputed *1180 that a covered auto meant any auto the employer did not own. The policy stated WHO IS INSURED was the employer and "(2) anyone else while using, with your permission a covered auto except: ... (b) your employee if the covered auto is owned by that employee or a member of his or her household." Another section of WHO IS INSURED covered employees moving property to or from a covered auto while excluding others from coverage. Magnon argued that the policy was ambiguous because it provided liability coverage in one instant (loading and unloading) while excluding him in another (an employee in a covered auto owned by the employee). The supreme court held, because Magnon was not an insured for auto liability coverage, he was not entitled to UM coverage.
In Carrier v. Reliance Ins. Co., 99-2573 (La.4/11/00), 759 So.2d 37, the plaintiff was injured during the course and scope of his employment and sought damages under his employer's UM coverage. The third party tortfeasor and Carrier's own UM insurer paid Carrier their policy limits. Reliance filed a motion for summary judgment because the policy endorsement excluded UM coverage for employees while driving their own vehicles during the course and scope of employment. Plaintiff also filed a summary judgment contending he was an insured under the UM coverage and that he qualified as an insured under the liability portion so he was entitled to UM because UM coverage had not been rejected.
The endorsement in the Uninsured Motorist Coverage in Carrier, supra, stated
WHO IS AN INSURED
1. You
. . .
5. Anyone else occupying an auto you do not own and that is a covered auto under this coverage for Liability Insurance and is licensed and principally garaged in Louisiana. (Emphasis added.)
This is identical language to the present Traveler's policy. The supreme court characterized the foregoing section as ambiguous, since the phrase "for Liability Insurance" followed "this coverage part." Had "for Liability Insurance" been omitted, the phrase would have unambiguously referred to a covered auto as one in the UM coverage which in the Carrier case was a "specifically described auto." Another interpretation, the supreme court observed, was that "Anyone else occupying an auto you do not own and that is a covered auto under this coverage for Liability Insurance and is licensed and principally garaged in Louisiana" could also refer to a "covered auto" defined in the Liability portion of the policy.
In interpreting an insurance policy, the court must determine the common intent of the parties. "An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." Ambiguity is to be resolved by construing the policy as a whole.
Ambiguous policy provisions generally are to be construed against the insurer and in favor of coverage. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. That strict construction principle, however, is subject to exceptions. One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or *1181 more interpretations, but each of the alternative interpretations must be reasonable.
Carrier, supra, at 43. (Citations omitted.)
In Carrier, supra, the supreme court concluded that only one reasonable interpretation existed, so the rule of strict construction against the insurer was inapplicable. Holding that UM coverage was not available, the court found that the foregoing phrase (under this coverage for Liability Insurance) applied to vehicles described for UM coverage only; that is "specifically described autos." If the phrase were interpreted to mean cars covered under the liability provisions, an absurd result would arise with the policy covering anyone (other than the named insured) in the world occupying "any auto." The court found it was unreasonable to find that the contracting parties intended to provide worldwide UM insurance to any person occupying any car.
As to UM coverage under the liability portion of the policy, the Carrier court noted that covered autos for the liability portion was "all autos." WHO IS INSURED under the liability coverage was anyone else using, with the employer's permission, a covered auto except the owner of a covered auto, the employer hired or borrowed from one of its own employees or a member of his or her household. The court concluded that plaintiff was not an insured under the liability portion of the policy and was not entitled to UM benefits under the liability portion of the policy.
Carrier, supra.
This court examined a similar matter in Dunn v. St. Paul Fire & Marine, 33,904 (La.2d Cir.9/27/00), 768 So.2d 720, writ denied, XXXX-XXXX (La.12/15/00), 777 So.2d 720. The employee, Dunn, was injured during the course and scope of her employment while driving her personally owned vehicle by the negligence of a third party. Dunn sought recovery from the tortfeasor and the tortfeasor's insurer plus her employer's commercial liability auto insurer, Phoenix Ins. Co. Phoenix filed a motion for summary judgment contending that Dunn was neither an insured for auto liability purposes and not entitled to UM nor was she covered by the UM endorsement to the policy.
The Dunn UM endorsement was identical to the one is the present dispute:
WHO IS AN INSURED
1. You.
2. If you are an individual, any "family member."
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
5. Anyone else "occupying" an "auto" you do not own and that is a covered "auto" under this coverage part for Liability Insurance and is licensed or principally garaged in Louisiana.
The Carrier liability portion of the policy described a "covered auto" as "any auto," while the declarations page of the UM coverage was limited to "specifically described autos." In Dunn, supra, the liability portion of the policy defined covered autos as "any auto" and the Dunn UM endorsement is identical to this dispute as UM coverage is limited to "owned autos only." Using the same reasoning as Carrier, supra, this court found Dunn was not entitled to UM coverage under her employer's policy.
McEachern seeks to distinguish this dispute from Carrier and Dunn which both defined a covered auto for liability purposes *1182 as "any auto," since the Travelers policy in this case defined covered autos for the liability portion of the coverage as:
7 = SPECIFICALLY DESCRIBED AUTOS. Only those "autos" described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in ITEM THREE).
8 = HIRED "AUTOS" ONLY. Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your employees or partners or members of their households.
9. = NONOWNED "AUTOS" ONLY. Only those "autos" you do not own, lease, hire, rent, or borrow that are used in connection with your business. This includes "autos" owned by your employees or partners or members of their households but only while used in your business or your personal affairs.
However, it is not necessary to determine whether this policy's definition of covered autos which differs from the identical provision found in Carrier and Dunn ("any auto") would result in McEachern being entitled to UM benefits under those provisions. Even if coverage could be found under that portion of the UM coverage, this policy like those in Dunn and Carrier contained another exclusion of UM coverage for "bodily injury sustained by an insured while occupying or struck by any vehicle owned by that insured that is not a covered auto." The supreme court in Carrier noted that provision precluded UM coverage even if UM coverage had been available under the ambiguous provision concerning covered autos discussed above. This court in Dunn reached the same conclusion.
This policy contains the identical exclusion. Exclusions, Part C, of the policy's LOUISIANA UNINSURED MOTORISTS COVERAGE-BODILY INJURY states:
This insurance does not apply to:
. . .
4. "Bodily Injury" sustained by an "insured" while "occupying" or struck by any vehicle owned by that "insured" that is not a covered auto.
Under the explicit exclusion in the Travelers UM coverage, McEachern is not entitled to recover under the UM provision of the policy.
Following Magnon, supra, Carrier, supra, and Dunn, supra, McEachern is also not entitled to recover under the liability provisions of his employer's policy which excluded employees who were driving their personally owned vehicles.
Based on the foregoing, it is not necessary to address other arguments raised by McEachern on appeal. After a de novo review of this record, we find that the trial court properly granted the summary judgment. McEachern was not an insured under the liability provisions and was specifically excluded under the UM provisions of his employer's policy.

DECREE
The summary judgment in favor of Travelers Indemnity Insurance Company and the dismissal of plaintiffs action against Travelers are affirmed
AFFIRMED.