852 So.2d 1200 (2003)
UNITED RENTALS HIGHWAY TECHNOLOGIES, INC., Plaintiff-Respondent,
v.
ST. PAUL SURETY, et al., Defendants-Applicants.
No. 37,265-CW.
Court of Appeal of Louisiana, Second Circuit.
August 20, 2003.
*1201 Osborn & Osborn by R.A. Osborn, Jr., R.A. Osborn, III, Gretna, for Respondent.
Krebs, Farley & Pelleteri, L.L.C. by David J. Krebs, Alberta L. Adams, for Applicants.
Before GASKINS, PEATROSS and MOORE, JJ.
MOORE, J.
United States Fidelity & Guarantee ("USF & G")[1] contests an order denying, without written reasons, its motion for summary judgment. Upon our de novo review, we find that the Public Works Act claim of United Rentals Highway Technologies Inc. ("United Rentals") was not timely filed and that USF & G is entitled to judgment as a matter of law, but that USF & G is not entitled to attorney fees for defending this action. We therefore grant the writ and make it peremptory, dismissing United Rentals' invoice claims and USF & G's attorney fee claim.

Factual Background
The dispute arises out of a subcontract between United Rentals and Neosho Construction Company ("Neosho"), which was the general contractor on a public works project ("the Project") in DeSoto Parish for the Louisiana Department of Transportation ("DOTD"). USF & G provided a payment and performance bond for Neosho's work on the Project. Under its subcontract, United Rentals provided Neosho guard rails and related road work. United Rentals began its work on June 28, 2001, and upon completion of its work, sent an invoice for $68,366.68 to Neosho on August 31, 2001, seeking payment. Neosho did not pay, despite the invoice and attempted collection phone calls. After learning that Neosho had filed for bankruptcy protection, DOTD filed a notice of default against Neosho, recorded in the public records of DeSoto Parish on October 11, 2001. On October 5, 2001, United Rentals contacted DOTD's engineer who referred United Rentals to USF & G for collection of their invoice amount under Neosho's bond. United Rentals contends that DOTD and *1202 USF & G failed to advise them of the fact that DOTD had filed the notice of default two days earlier. On October 10, 2001, United Rentals forwarded a claim with invoice and a sworn statement of amount due to USF & G. United Rentals sent a duplicate claim to DOTD on October 17, 2001. On December 1, 2001, United Rentals filed a sworn statement of claim in the public records of DeSoto Parish. November 29, 2001 was the 45th day following DOTD's recording of the notice of default against Neosho.

Procedural Background
United Rentals admits it did not file its statement of claim within 45 days after DOTD filed notice of default in the public records, but argues that this was because USF & G and DOTD failed to advise it that DOTD had already filed a notice of default. United Rentals urges this withholding of information constituted fraud and created a ground for a contra non valentem argument. USF & G urges that United Rentals failed to strictly comply with the 45-day filing requirement of La. R.S. 48:256.5 B and thus, as a matter of law, cannot maintain its claim. USF & G further argues that under Louisiana's public record doctrine, it owed no duty to advise United Rental of DOTD's notice of default filing. USF & G also contends that fraud is not a ground for relief under the Public Works Act, R.S. 48:250 et seq.
On March 26, 2002, United Rentals filed suit against USF & G seeking payment for materials United Rentals allegedly supplied to the Project. USF & G answered urging prescription and/or peremption under the Public Works Act applicable to DOTD projects pursuant to La. R.S. 48:250 et seq. USF & G also requested attorney fees pursuant to La. R.S. 48:256.11 B.
On July 11, 2002, USF & G filed a peremptory exception of no right of action and no cause of action and a motion for summary judgment on the ground that United Rentals was precluded from pursuing the claims on its invoices because United rentals failed to comply with the strict claim filing requirement of La. R.S. 48:256.5. The trial court heard arguments on USF & G's motion for summary judgment and exceptions and on October 13, 2002, issued an order expressly denying USF & G's summary judgment motion without reasons. The order did not mention USF & G's exceptions.
On January 11, 2003, USF & G filed an application for supervisory writ with this court, which writ was granted on February 20, 2003. The matter was briefed and orally argued in due course.

Applicable Law
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(1).
The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may *1203 merely point out to the court that there is an absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. After the burden has shifted, the plaintiff must make a positive showing of evidence creating a genuine issue as to an essential element of its claim. Mere speculation is not sufficient. Babin v. Winn-Dixie La. Inc., 00-0078 (La.6/30/00), 764 So.2d 37. Appellate review of a grant or denial of summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226; Belt v. Wheeler, 36,585 (La.App. 2 Cir. 12/18/02), 833 So.2d 1256; McEachern v. Mills, 36,156 (La.App. 2 Cir. 8/16/02), 826 So.2d 1176. La. R.S. 48:256.5 B provides:
Any claimant shall, after the maturity of his claim and within forty-five days after the recordation of final acceptance of the work by the department or of notice of default of the contractor or subcontractor, file a copy of sworn statement of the amount due him with the department having the work done and record the original sworn statement of the amount due him in the office of the recorder of mortgages for the parish in which the work is done.
La. R.S. 48:256.12 further provides in pertinent part:
Nothing in this part shall be construed to deprive any claimant, as defined in this part and who has complied with notice and recordation requirements of R.S. 48:256.5 B, of his right of action on the bond furnished by this Part, provided that said action must be brought against a surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any claimant having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall in addition to the notice and recordation required in R.S. 48:256.5 B give written notice to said contractor and surety within forty-five days from the recordation of the notice of final acceptance by the department of the work or notice by the department of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. * * * * (Emphasis supplied.)

Discussion
United Rentals admits that it did not file a copy of its sworn statement of claim within 45 days from the DOTD's recording of notice of default in the public record of DeSoto Parish, as is required by R.S. 48:256.5 B, supra.
It is a long-standing principle of statutory interpretation that "[a]s a general rule, lien statutes are stricti juris and should thus be strictly construed." State v. McInnis Brothers Construction, 97-0742 (La.10/21/97), 701 So.2d 937, 944, and authorities therein. "[P]ublic contract laws are to be strictly construed such that the privileges granted are not extended beyond the statutes." McInnis, supra at 944.
Because the law grants special rights to claimants, there must be strict compliance with the provision. See, City of Alexandria v. Shevnin, 240 La. 983, 126 *1204 So.2d 336 (1961). Rights and privileges granted third parties (such as United Rentals) by the legislature for materials and labor in construction projects must be preserved by recordation of claims by third parties within the time delays established by statute. See, Pratt v. Damon Castle Hall Co., 2 Pelt 67, 1918 WL 1371 (Orleans App.1918). Furthermore, if a third party fails to preserve his statutory privilege by timely filing a sworn statement of his claim with the owner and duly record the claim within the statutory time delay, then the third party has no right of action on the bond securing performance and the bond may be summarily erased and canceled upon the demand of any party in interest. See, Louisiana Glass & Mirror Works v. Irwin, 126 La. 555, 52 So. 765 (1910); Julius Aaron & Son v. Keyser, 2 La.App. 649 (La.App. 2 Cir.1925). Likewise, under La. R.S. 48:255.2, the surety must strictly comply with the statutory obligation of presenting the DOTD with a plan to assume performance and procure completion of the project or a response for the contractor's default within 45 days of notice of contractor's default from DOTD. Failure to do so subjects the surety to statutory damages, including cost to complete the project and stipulated damages up to the total amount of the bond.
Although United Rentals concedes that it failed to strictly comply with R.S. 48:256.5 B, United Rentals argues that the 45-day filing period is prescriptive in nature and subject to suspension. Specifically, United Rentals argues that contra non valentem suspended the time limit because USF & G did not advise United Rentals of the DOTD filing in DeSoto Parish. United Rentals contends that this conduct, which United Rentals asserts was fraudulent, prevented it from discovering DOTD's notice filing in time to meet the 45-day claim filing requirement. This argument would fall under the "discovery rule," typically being the fourth category establishing a basis for contra non valentem, based on the equitable notion that "prescription does not run against one who is ignorant of the facts upon which his cause of action is based as long as such ignorance is not willful, negligent, or unreasonable." See, Fontenot v. ABC Ins. Co., 95-1707, p. 8 (La.6/7/96), 674 So.2d 960, 965. USF & G counters that the rights created by R.S. 48:256.5 and 256.12 are peremptive in nature and not subject to suspension or interruption.
For purposes of our review, we pretermit analysis as to whether the 45-day filing requirement of R.S. 48:256.5 is prescriptive or peremptive in nature. Assuming arguendo that it is prescriptive, we find that United Rentals has not proved fraud or any other conduct sufficient to interrupt the time period of R.S. 48:256.5 and 256.12.
We have long held that on the basis of the public records doctrine, third persons need only to look to the public records to determine adverse claims. Thomas v. Lewis, 475 So.2d 52 (La.App. 2 Cir. 1985), citing, McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909). All persons are held to have constructive notice of recorded instruments affecting immovable property. See, McConnico v. Red Oak Timber Co., 36,985 (La.App. 2 Cir. 5/16/03), 847 So.2d 191; Powell v. Dorris, 35,510 (La. App. 2 Cir. 4/5/02), 814 So.2d 763; Ridgedell v. Succession of Kuyrkendall, 98-1224 (La.App. 1 Cir. 5/19/99), 740 So.2d 173. Under the public record doctrine, United Rental is charged with knowledge of DOTD's filing of the notice of default which triggered the 45-day claim filing period. Because USF & G provided notice to the world, there is no substance to the claim it fraudulently withheld valuable information from United Rentals or that *1205 United Rentals was prevented from pursuing its claim. Because United Rentals failed to preserve its statutory privilege by timely recording its sworn statement of claim in DeSoto Parish, United Rentals lost its right of action to proceed under the Public Works Act, R.S. 48:250 et seq. We also note that United Rentals' independent tort allegation of fraud against USF & G is without merit, as R.S. 48:250 et seq., is "sui generis" and provides no such relief. See, Mclnnis, supra at 944.
We further note relative to United Rentals' allegation of fraud that, notwithstanding that the claim falls outside the purview of relief accorded by R.S. 48:250 et seq., it is without factual merit. For instance, Exhibit G, to United Rentals' memorandum in opposition to USF & G's exceptions and motion for summary judgment, is a letter from Nancy Smiley, Surety Claim Administrator for USF & G, to Freida Anderson of United Rentals, which clearly expresses that USF & G was investigating the instant claim and was making no promise to pay the claim, along with a reservation of rights which included that the reservation was without limitation, defenses available at law or equity and pursuant to any notice and suit limitation provisions. The letter also expressly requested claim documentation from United Rentals, clearly reflecting USF & G's claim investigation posture, which reasonably should not be subject to misinterpretation or a basis for detrimental reliance in terms of any promise by USF & G to pay United Rentals' claim.
Based upon the record, United Rentals' admission of not timely recording its claim as required by R.S. 48:256.5, R.S. 48:256.12 and the principle of Louisiana Glass & Mirror Works, supra, we find no genuine issue of material fact in dispute regarding USF & G's liability. United Rentals' right of action on the payment and performance bond was extinguished, and inasmuch as no right of action exists by operation of law, USF & G is entitled to summary judgment as a matter of law. Thus, we grant the writ and enter summary judgment in favor of USF & G, dismissing United Rentals' invoice claims.

Award of Attorney Fees Provided by R.S. 48:256.11 B
Lastly, USF & G argues that the trial court erred in not granting it attorney fees pursuant to R.S. 48:256.11 B, which states:
If the trial court finds that such an action was brought by any claimant without just cause or in bad faith, the trial judge shall award the principal or surety a reasonable amount as attorney fees for defending such action.
USF & G specifically urges that inasmuch as United Rentals' claim was clearly barred under R.S. 48:256.12, attorney fees are warranted under R.S. 48:256.11 B, supra. Upon the record and the showing made we cannot say that United Rentals' pursuit of this claim was in bad faith. Although the assertion of contra non valentem was not ultimately successful, we cannot say the claim was devoid of good cause. Accordingly, the claim for attorney fees is denied.

Conclusion
For the reasons expressed, we grant USF & G's writ, make it peremptory, and render summary judgment dismissing the invoice claims of United Rentals. The request for attorney fees is denied. Costs are assessed against respondent, United Rentals.
WRIT GRANTED AND MADE PEREMPTORY; SUMMARY JUDGMENT RENDERED.
NOTES
[1] The petition improperly designated St. Paul Surety as the defendant.