912 So.2d 82 (2005)
Melvin Robert SHORT, Plaintiff-Appellee
v.
Gloria Mae SHORT, Defendant-Appellant.
No. 40,136-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 2005.
Rehearing Denied October 20, 2005.
*83 Joel L. Pearce, Shreveport, for Appellant.
Hani E. Dehan, Shreveport, for Appellee.
Before BROWN, WILLIAMS and MOORE, JJ.
WILLIAMS, J.
Appellant, Gloria Mae Short, appeals the judgment of the trial court granting the exception of no cause of action filed by the appellee, Cynthia B. Short, in her capacity as executrix/administratrix of the estate of Melvin Robert Short. Appellant sought to annul a November 7, 1974 judgment decreeing a final divorce between herself and Melvin Short, to terminate the community regime existing between her and Mr. Short, and to partition the community property. For the reasons assigned below, the judgment of the trial court is affirmed.

*84 FACTS
On June 17, 1974, Melvin Robert Short filed a petition in the 26th Judicial District Court in and for the Parish of Bossier, seeking a divorce from his wife Gloria Mae Short. The petition alleged that the parties were married in Bossier City on July 2, 1961 and that their last matrimonial domicile was in Bossier Parish. Mr. Short's petition further alleged that the parties separated on April 19, 1971, and had lived separate and apart without reconciliation since that date. The petition requested that Mr. Short be granted a judgment decreeing a divorce "a vinculo matrimonii."
On July 19, 1974, Gloria Mae Short, filed a pleading entitled "Peremptory Exception and Plea of Reconciliation." Therein she excepted to Mr. Short's petition on the basis that after the parties' separation, they cohabited and engaged in marital relations during the two years immediately preceding Mr. Short's filing for divorce. In conclusion, the pleading prayed that the "exception be deemed sufficient and the demands of Plaintiff be dismissed at his cost." The exception came for hearing on October 10, 1974, and pursuant to a judgment signed on November 7, 1974, was overruled by consent of the parties. A preliminary default on the petition for divorce was taken on October 31, 1974, and a judgment confirming the default was signed on November 7, 1974.
Thirty years later, on September 29, 2004, Gloria Short filed a pleading entitled "MOTION TO NULLIFY JUDGMENT OF DIVORCE, OR, IN THE ALTERNATIVE TO SHOW CAUSE WHY THE COMMUNITY OF ACQUETS AND GAINS SHOULD NOT BE TERMINATED AND PARTITIONED" and attached to it the November 7, 1974 divorce judgment. Named as a defendant in the action was Cynthia B. Short, the executrix/administratrix of Melvin Robert Short's estate. In her petition, Gloria Short sought to have the divorce judgment declared a nullity on the basis that she was "never served with either personal or domiciliary service with any Motions, Rules or similar documents necessary for the finalization of the Divorce." In the event that the judgment was not declared a nullity, the pleading sought to have the community regime between the parties terminated and the community property partitioned.
Cynthia B. Short, as executrix/administratrix of Melvin Robert Short's estate, responded by filing a peremptory exception of no cause of action with regard to Gloria Short's actions to have the judgment of divorce declared a nullity and to terminate the community regime allegedly existing between the parties. In support of the exception, Cynthia Short argued that other than the initial petition for divorce, there was no requirement in 1974 that a party seeking a divorce under then LSA-R.S. 9:301 serve a defendant who has failed to file an answer with any additional pleadings to obtain a final judgment of divorce. Furthermore, to the extent that Gloria Short's pleading was complaining that she had not been served with the original petition for divorce, her ability to object to the same was waived by virtue of her general appearance in filing a peremptory exception. Lastly, Cynthia Short argued that the alternative request to terminate the community property regime if the divorce judgment is upheld, was self-defeating. According to Cynthia Short, if the judgment of divorce was upheld, thus giving rise to the alternative pleading, then the law in 1974 provided that the community of acquets and gains would have been terminated as of the date of the filing of the petition pursuant to which the divorce was granted.
*85 The exception came for hearing on December 9, 2004. At the hearing, the court refused Gloria Short's request to introduce evidence regarding whether she was properly served with the petition for divorce and her intent in filing the peremptory exception in the 1974 proceedings. After the testimony was proffered, the trial court rendered judgment sustaining the exception of no cause of action, but recognizing that Gloria Short had a right to partition the marital property existing as of the time the community regime terminated. A written judgment granting the exception of no cause of action and recognizing the termination date of the community as June 17, 1974, was signed on December 30, 2004. Gloria Short appealed, assigning error to the trial court's failure to allow her to present evidence in opposition to the peremptory exception of no cause of action and in sustaining the exception.

DISCUSSION
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition and any annexed documents must be accepted as true. Kuebler v. Martin, 578 So.2d 113 (La.1991); Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). Generally, no evidence may be introduced to support or controvert the exception. However, a jurisprudentially recognized exception to this rule allows the court to consider evidence that is admitted without objection to enlarge the pleadings. Rogers v. Ash Grove Cement Company, 34,934 (La.App. 2 Cir 11/2/01), 799 So.2d 841.
In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Adams v. Adams, 39,424 (La.App. 2 Cir. 4/6/05), 899 So.2d 726. When the grounds of the peremptory exception raising the objection of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. LSA-C.C.P. art. 934; Adams, supra. The decision to allow amendment is within the sound discretion of the trial court. Downs v. Hammett Properties, Inc., 39,568 (La.App. 2 Cir. 4/6/05), 899 So.2d 792.
Gloria Short brought this action to have the 1974 divorce judgment declared an absolute nullity on the basis that she was never served with any motions, rules or similar documents necessary for the finalization of the divorce. In a liberal reading of this allegation, Gloria Short now argues that this factual allegation was intended to convey that she was never served with the original petition for divorce.
While our resolution of the question presented herein is not based on any policy considerations, we note the Louisiana Supreme Court's recognition in Wilson v. Calvin, 221 La. 451, 59 So.2d 451, 453 (1952), that:
[t]here is a strong public policy against disturbing a judgment of divorce, especially after a long period of time where the marital status of innocent parties who relied on the validity of that judgment would be disturbed, and more particularly where a decree would render *86 innocent parties guilty of bigamy and cast a cloud on the legitimacy of their children.
LSA-C.C.P. art. 2002(A)(2) currently allows the annulment of a final judgment if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction. LSA-C.C.P. art. 6 provides that jurisdiction over the person is acquired when the party submits to the jurisdiction of the court by failing to timely file a declinatory exception objecting to same. Under LSA-C.C.P. art. 928, the right to file a declinatory exception must be pleaded prior to or in an answer and prior to or along with any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs or dissolution of an attachment. Failure to timely plead a declinatory exception constitutes a waiver of same. LSA-C.C.P. art. 925(C).
Prior to Acts 1997, No. 578, which eliminated all statutory references to a "general appearance" and specifically its effect as a waiver of objection to the jurisdiction of the court, LSA-C.C.P. art. 2002(A)(2) provided that a final judgment should be annulled if rendered against a defendant who was not served with process as required by law and who did not enter a "general appearance," or against whom a valid judgment by default has not been taken. A general appearance was defined under former LSA-C.C.P. art. 7 as seeking any relief, either personally or through counsel, other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
In interpreting this prior statutory scheme, our courts held that any act of a defendant, except to object to jurisdiction over his person, which recognizes the case as in court, constitutes a general appearance, Bradley v. Theus, 28,714 (La.App. 2 Cir. 2/20/96), 668 So.2d 1304; Stanley v. Jones, 197 La. 627, 2 So.2d 45 (1941), and that a party who makes a general appearance waives any defects in the service of process and citation, including the right to pursue an action in nullity on those grounds. Stanley, supra.
We need not determine whether the repeal of the general appearance provisions was intended to effect a change in the law or which version is applicable to the case at hand. In reviewing Gloria Short's petition, we find that neither version of the law affords her a remedy to have the divorce judgment declared a nullity under the facts alleged therein.
The record and plaintiff's petition clearly indicate that a petition for divorce was filed on June 17, 1974 by Melvin Robert Short and that on July 19, 1974, a peremptory exception and plea of reconciliation to that petition was filed by Gloria Short. In her exception, Gloria Short argued that the parties had not lived separate and apart for the requisite two years prior to the filing of the petition on account of their cohabiting and engaging in marital relations during that time. Her petition for nullity indicates that the exception was ultimately overruled.
The petition fails to state a cause of action under the present version of LSA-C.C.P. art. 2002(A)(2) because it indicates that Gloria Short failed to timely file a *87 declinatory exception objecting to the jurisdiction of the court. As noted above, the declinatory exception must be filed prior to any pleading which seeks relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs or dissolution of an attachment. Therefore, the peremptory exception filed by Gloria Short which requested none of the above-listed relief, waived her right to file a declinatory exception objecting to the jurisdiction of the court. Such a waiver defeats an action under LSA-C.C.P. art. 2002 as it currently reads.
The petition likewise fails to state a cause of action under the former version of LSA-C.C.P. art. 2002(A)(2) which limited the right to annul a final judgment to defendants who were not served with process as required by law and who did not enter a "general appearance." Even if we presuppose that Gloria Short was not properly served with process, she did enter a general appearance. It is undisputed and self-evident that the "peremptory exception" filed by Gloria Short did not request any of the relief enumerated in the first four paragraphs of former LSA-C.C.P. art. 7. It is equally clear, although disputed by appellant, that the pleading did not seek dismissal of the action on the ground that the court had no jurisdiction over the defendant.
A thorough reading of the pleading indicates that the issue of the trial court's power and authority to hear the divorce action between the parties is not raised therein. In fact, the word "jurisdiction" is not found anywhere in the pleading. Appellant's assertion that the purpose of her exception was to object to the court's jurisdiction over her or the divorce proceeding is disingenuous at best.
Gloria Short concedes in her brief that she never filed an answer to the petition. Therefore, Mr. Short was free to obtain a default judgment of divorce, which the record reflects he did on November 7, 1974.
For these reasons, we conclude that Gloria Short's petition fails to state a cause of action for nullity on the basis that she was not served with process in light of her general appearance and failure to file a timely declinatory exception to the court's jurisdiction.
Furthermore, our de novo review also supports the conclusion that Gloria Short's petition fails to state a cause of action for termination of the community property regime. At the time the divorce proceeding, which is the subject of the action in nullity, was pending, LSA-C.C. art. 159, which governs the effect of a divorce on a community property regime, read as follows:
The effects of a divorce shall not only be the same as are determined in the case of a separation from bed and board, but it shall also dissolve forever the bonds of matrimony, between the parties, and place them in the same situation with respect to each other as if no marriage had ever been contracted between them.
The effect of a judgment of legal separation from bed and board on the community regime was governed by the now repealed LSA-C.C. art. 155 which read in pertinent part:
The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the petition for same was filed ...
Accordingly, the effect of a judgment of divorce was to terminate the community regime retroactive to the date on which the petition for the same was filed. Therefore, the trial court was correct in determining that the community regime previously existing between the parties *88 had terminated on the date Mr. Short filed his petition for divorce and Gloria Short could not state an action for same.
In summary, we find the trial court correctly recognized that Gloria Short's petition failed to state any cause of action, other than an action to partition the property owned between her and Melvin Short as a result of the community regime that formerly existed between them and which was terminated effective June 17, 1974, as a result of the parties' divorce.
Gloria Short has failed to brief her assignment of error regarding the trial court's decision not to allow her the opportunity to present evidence in opposition to the exception of no cause of action. Nevertheless, we note that an exception of no cause of action is to be tried on the face of the petition and generally no evidence is admitted to support or contradict it. See LSA-C.C.P. art. 931. Gloria Short has cited no justification for departing from that general rule in the present case. Accordingly, the assignment is deemed abandoned.

CONCLUSION
For the reasons stated above, the judgment of the trial court sustaining the exception of no cause of action filed by Cynthia B. Short, in her capacity as executrix/administratrix of the estate of Melvin Robert Short, is hereby affirmed. Costs of this appeal are to be borne by Gloria Mae Short.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, GASKINS, and MOORE, JJ.
Rehearing denied.