938 So.2d 1206 (2006)
John C. COOKSEY, Plaintiff-Appellant
v.
Ron W. STEWART, Defendant-Appellee.
No. 41,336-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
*1208 Donald L. Kneipp, Monroe, for Appellant.
Todd G. Crawford, Lafayette, for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
WILLIAMS, J.
Plaintiff, former Congressman John C. Cooksey, filed a defamation action against defendant, Ron W. Stewart, his former personal accountant and former treasurer of the Cooksey for Congress Committee and the Cooksey for Senate Committee. The district court sustained defendant's exception of no cause of action, and plaintiff appealed. For the reasons that follow, we affirm the district court's ruling.

FACTS
In the defamation action, plaintiff alleged that on March 11, 2004, he terminated defendant's services as his accountant. The following day, defendant sent letters to the Federal Election Commission ("the Commission") and the Office of Public Records in which he notified both entities that he was resigning as treasurer of plaintiff's campaign committees due to "inappropriate conduct by the candidate, John C. Cooksey."
*1209 Plaintiff alleged that the "inappropriate conduct" statement was "false, misleading and malicious" and was made "solely because plaintiff had terminated defendant's services as his accountant." Plaintiff further alleged that defendant's statement caused "serious damage to his personal and business reputation."
In response, defendant filed an exception of no cause of action, asserting that plaintiff's claim did not satisfy the elements required for a defamation action. The district court sustained the exception of no cause of action, concluding that defendant's statement to the Commission was subject to an absolute privilege.

DISCUSSION
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The exception is triable on the face of the petition. For the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition and any annexed documents must be accepted as true. City of New Orleans v. Board of Commissioners, 93-0690 (La.7/5/94), 640 So.2d 237; Short v. Short, 40,136 (La.App. 2d Cir.9/23/05), 912 So.2d 82, writ denied, 2005-2320 (La.3/10/06), 925 So.2d 519. Generally, no evidence may be introduced to support or controvert the exception. However, a jurisprudentially recognized exception to this rule allows the court to consider evidence that is admitted without objection to enlarge the pleadings. Short, supra; Rogers v. Ash Grove Cement Company, 34,934 (La.App. 2d Cir.11/2/01), 799 So.2d 841, writ denied, XXXX-XXXX (La.2/8/02), 808 So.2d 351.
An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. City of New Orleans, supra; Rogers, supra.
In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Industrial Companies, Inc. v. Durbin, XXXX-XXXX (La.1/28/03), 837 So.2d 1207; Short, supra.
Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. Costello v. Hardy, XXXX-XXXX (La.1/21/04), 864 So.2d 129; Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706, 715. A successful claimant in a defamation action must establish the following elements: (1) defamatory words; (2) publication; (3) falsity; (4) malice; and (5) injury. Rogers, supra. If even one of the required elements of the tort is lacking, the cause of action fails. Costello, supra; Douglas v. Thomas, 31,470 (La.App. 2 Cir. 2/24/99), 728 So.2d 560, writ denied, 99-0835 (La.5/14/99), 741 So.2d 661; Kosmitis v. Bailey, 28,585 (La.App. 2d Cir.12/20/96), 685 So.2d 1177.
Even when a plaintiff makes a prima facie showing of the essential elements of defamation, recovery may be precluded if the defendant shows either (1) the statement was true, or (2) the statement was protected by a privilege, absolute or qualified. Costello, supra; Doe v. Grant, XXXX-XXXX (La.App. 4 Cir. 1/29/03), 839 So.2d *1210 408, writ denied, XXXX-XXXX (La.5/2/03), 842 So.2d 1102.
In this case, plaintiff contends the district court erred in determining that defendant's words were subject to an absolute privilege. Conversely, defendant contends the ruling was correct, pursuant to Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969), rev'd on other grounds by Gonzales v. Xerox Corp., 254 La. 182, 320 So.2d 163 (1975).
In Bienvenu, supra, the defendant opposed the plaintiff's appointment as Director of Public Welfare for St. Martin Parish. Prior to confirmation of the appointment, the defendant informed an investigator for the state Civil Service Commission that the plaintiff had a "poor reputation" in the community. The plaintiff filed a defamation action. The trial court concluded that the statements made to the Civil Service investigator were absolutely privileged, and the appellate court affirmed. On review, the supreme court reversed the ruling, stating:
It is true that communications made in judicial or quasi-judicial proceedings carry an absolute privilege. This protection is offered in such proceedings so that the witness, who is bound by his oath to tell the truth, may speak freely without fear of civil suit for damages for defamation. The privilege is extended to an administrative agency only when that agency is exercising judicial or quasi-judicial functions. Investigatory work in the field, such as was performed by [the Civil Service investigator] is not the exercise of an adjudicative or quasi-adjudicative function, for those who are questioned are not under oath or subject to sanctions for making a false statement, and such investigations are not encompassed within quasi-judicial hearings or proceedings. Communications made during such an investigation are not accorded an absolute but only a qualified privilege, and the communication from [the defendant] to [the investigator] fall into this category.
Id., 223 So.2d at 144 (Emphasis added).
More recently, in Connolly v. Stone, 2001-929 (La.App. 5 Cir. 1/15/02), 807 So.2d 979, during an investigation of the plaintiff's conduct as a Jefferson Parish poll commissioner, the Jefferson Parish Board of Election Supervisors ("the board") solicited comments from persons who had "voiced complaints of misconduct" against the plaintiff during a certain election. In response, the defendant sent a letter to the board, detailing his observations of the plaintiff during the election at issue. Thereafter, a hearing into the allegations was conducted, and the defendant's letter was introduced as evidence. The plaintiff filed a lawsuit for defamation against the defendant. The trial court ruled that the defendant's letter and its contents were absolutely privileged, and the court of appeal affirmed, stating:
[T]he Jefferson Parish Board of Election Supervisors investigated [the plaintiff] to determine his qualifications as a polling commissioner. We find, therefore, that the [board], as they conducted their inquiry of [the plaintiff] to determine the veracity of the allegations against him, exercised a quasi-judicial function.
Id. at 982.
In this case, the district court concluded that the powers of the Commission are "quasi-judicial in nature" because the Commission is "an independent agency under the Executive Branch of the federal government" and has the power "to administer oaths, conduct investigations and hearings, and to render advisory opinions." The district court further noted that false statements to the Commission are subject to criminal penalty under federal law.
*1211 We find that the district court was correct in concluding that the Commission has the authority to exercise quasi-judicial functions. See, 2 U.S.C. § 437. However, in this case, the Commission was not in the process of exercising its quasi-judicial authority at the time the remark was made. Unlike in Bienvenu and Connolly, at the time the letters were sent to the Commission, no investigation was underway with regard to plaintiff's conduct, and the Commission had not requested any information from defendant. As the supreme court concluded in Bienvenu, an absolute privilege only applies when an administrative agency is actually exercising judicial or quasi-judicial functions. Therefore, we conclude that the district court erred in determining that defendant's statement to the Commission was subject to an absolute privilege.
Nevertheless, our de novo review of the record supports the district court's ruling sustaining the exception of no cause of action. The threshold issue in a defamation action is whether the words complained of are defamatory, i.e., capable of a defamatory meaning. Costello, supra. Defamatory words are, by definition, words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose a person to contempt or ridicule. Id.; Fitzgerald, supra. Words which convey an element of personal disgrace, dishonesty, or disrepute are defamatory. Id.
The question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court. Costello, supra; Sassone v. Elder, 626 So.2d 345 (La.1993). The question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense. Id.
In this case, plaintiff's petition contained the following allegation:
* * *
4.
On March 12, 2004, defendant sent a letter to the Federal Election Commission and the Office of Public Records advising them that he was resigning as Treasurer of the Cooksey for Congress Committee and Treasurer of the Cooksey for Senate Committee and cited as the reason "inappropriate conduct by the candidate, John C. Cooksey. . . . "
* * *[1]
The First Amendment freedoms afford, at the very least, a defense against defamation actions for expressions of opinion. Thompson v. Lee, 38,930 (La. App. 2d Cir.10/27/04), 888 So.2d 300; Ray v. City of Bossier City, 37,708 (La.App. 2d Cir.10/24/03), 859 So.2d 264, writs denied, XXXX-XXXX, XXXX-XXXX (La.2/13/01), 867 So.2d 697. A pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation. Bussie v. Lowenthal, 535 So.2d 378 (La.1988); Thompson, supra; Ray, supra. That is because falsity is an indispensable element of any defamation claim, and a purely subjective statement *1212 can be neither true nor false. Id. The opinion may be ostensibly in the form of a factual statement if it is clear from the context that the speaker did not intend to assert another objective fact but only his personal comment on the facts which he had stated. Id.
"[T]he crucial difference between statement of fact and opinion depends upon whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact." Mashburn v. Collin, 355 So.2d 879, 885 (La.1977).
In the instant case, we find that the statement written by defendant was not defamatory under our law. Defendant did not accuse plaintiff of any criminal, unprofessional, immoral or unethical conduct. Defendant's comments merely indicated that he believed that plaintiff's conduct was "inappropriate" in some unspecified regard. The statement was based upon defendant's subjective view, and no underlying facts were either stated or implied. Therefore, we find that the statement regarding "inappropriate conduct" was an expression of defendant's opinion, and as such, the statement can be neither true nor false. For these reasons, we conclude that the defendant's statement is not actionable in defamation, and we affirm the trial court's ruling granting defendant's exception of no cause of action.

CONCLUSION
For the reasons stated above, the judgment of the district court sustaining the exception of no cause of action is hereby affirmed. Costs of this appeal are assessed to the appellant, John Cooksey.
AFFIRMED.
NOTES
[1] Attached to plaintiff's petition was defendant's letter to the Commission, in which he stated:

This is to advise you of my resignation as Treasurer of the Cooksey for Congress Committee effective 4:30 pm central standard time, Thursday, March 11, 2004.
The reason for the resignation is inappropriate conduct by the candidate, John C. Cooksey.