981 So.2d 242 (2008)
ASSOCIATED PROFESSIONAL EDUCATORS OF LOUISIANA, Plaintiffs-Appellants
v.
LOUISIANA FEDERATION OF TEACHERS, Defendants-Appellees.
No. 43,214-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
Rehearing Denied May 29, 2008.
*243 Don Kneipp, for Appellants.
Rittenberg & Samuel, by William E. Rittenberg, New Orleans, Charles M. Samuel, III, for Appellees.
Before WILLIAMS, DREW and LOLLEY, JJ.
LOLLEY, J.
The Associated Professional Educators of Louisiana ("APEL") appeals a judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, granting the motion for summary judgment filed by the Louisiana Federation of Teachers ("LFT"). For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

FACTS
APEL is an independent statewide professional organization for teachers. LFT is a teacher trade union and is an affiliate of the AFL-CIO. Both organizations solicit Louisiana teachers for membership, and they both offer certain types of benefits and representation for their members. As a membership recruitment tool, LFT prepared and disseminated a pamphlet comparing the two organizations, and it is over this pamphlet which this litigation by APEL ensued.
APEL claims that LFT's pamphlet contained certain assertions that were defamatory in nature. According to APEL, the gist of LFT's statements are as follows:
1) APEL did not have strong local chapters to fight for teachers' rights;
2) APEL does not offer immediate consultation or representation when problems arise;
3) APEL does not have a record of defending educators in grievances;
4) APEL wanted to give money to private and parochial schools; and,
5) APEL asked Governor Foster to deny pay raises for school support.
LFT's pamphlet also contained other statements purportedly representing APEL's stance on education issues in Louisiana.
LFT filed a motion for summary judgment which was granted by the trial court. In its reasons for judgment, the trial court noted that APEL is not a trade union; however, it did compete with LFT for members. The trial court further noted that the pamphlet made a number of comparisons between the two organizations, with LFT clearly expressing the belief that it would better represent a teacher. Here, the trial court ultimately determined that if an organization is not a union, but competes with a union for members, it should be treated similarly to a union regarding the limits of using "strong language" for such purposes as seen here. The trial court determined that the assertions in the pamphlet were expressions of LFT's opinion, and, as such, were not actionable in defamation. Furthermore, the trial court also determined that LFT's assertions *244 were not made with malice, nor were there any damages. Based on these findings, the trial court concluded that there was no genuine issue of material fact for trial, and LFT was entitled to judgment as a matter of law. This appeal by APEL ensued.

DISCUSSION
On appeal, APEL offers several assignments of error all related to the issue of whether the trial court's grant of summary judgment was proper in this matter. APEL submits that the trial court erred in granting LFT's motion for summary judgment, and for the following reasons, we agree.
Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Costello v. Hardy, XXXX-XXXX (La.01/21/04), 864 So.2d 129; Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App.2d Cir.01/25/06), 920 So.2d 355.
Initially, the movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant successfully meets this burden, then the burden shifts to the other party to present factual support adequate to establish that he/she will be able to satisfy the evidentiary burden at trial. If the other party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law. Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., XXXX-XXXX (La.05/22/07), 958 So.2d 634.
As stated, APEL has brought a defamation claim against LFT. Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. Kennedy v. Sheriff of East Baton Rouge, XXXX-XXXX (La.07/10/06), 935 So.2d 669. A successful claimant in a defamation action must establish the following elements: (1) defamatory words; (2) publication; (3) falsity; (4) malice; and (5) injury. Id.; Hines v. Arkansas Louisiana Gas Co., 613 So.2d 646 (La.App. 2d Cir.1993), writ denied, 617 So.2d 932 (La.1993). If even one of the required elements of the tort is lacking, the cause of action fails. Costello, supra; Cooksey v. Stewart, 41,336 (La.App.2d Cir.08/23/06), 938 So.2d 1206, writ denied, 2006-2348 (La.12/08/06), 943 So.2d 1087.
Moreover, APEL alleges that LFT's statements were defamatory per se. Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, are considered defamatory on their face, or defamatory per se. Bell v. Rogers, 29,757 (La.App.2d Cir.08/20/97), 698 So.2d 749. When the plaintiff proves publication of words which are defamatory per se, the elements of falsity and malice are presumed, but may be rebutted by the defendant. Id.
Notably, the First Amendment freedoms afford, at the very least, a defense against defamation actions for expressions of opinion. Cooksey, supra, citing, Thompson v. Lee, 38,930 (La.App.2d Cir.10/27/04), 888 So.2d 300, writ denied, 2004-2936 (La.02/04/05), 893 So.2d 873; *245 Ray v. City of Bossier City, 37,708 (La. App.2d Cir.10/24/03), 859 So.2d 264, writs denied, XXXX-XXXX, XXXX-XXXX (La.02/13/01), 867 So.2d 697. A pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation. Bussie v. Lowenthal, 535 So.2d 378 (La.1988); Cooksey, supra. That is because falsity is an indispensable element of any defamation claim, and a purely subjective statement can be neither true nor false. Id. The opinion may be ostensibly in the form of a factual statement if it is clear from the context that the speaker did not intend to assert another objective fact but only his personal comment on the facts which he had stated. Id. "[T]he crucial difference between statement of fact and opinion depends upon whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact." Mashburn v. Collin, 355 So.2d 879, 885 (La.1977).
Considering APEL's allegations of defamation per se and the jurisprudence, we note that it is incumbent upon LFT to rebut the defamation elements of falsity and malice.[1] Thus, ultimately LFT would be entitled to summary judgment if it could be shown that the statements contained in the pamphlet (1) were not false or not made with malice or (2) were purely opinion. Here, the trial court noted that "taking the entire [pamphlet] into consideration, this pamphlet was an expression by LFT of its opinion that it would better represent teachers than would [APEL]. Expressions of opinion are not actionable in defamation." The trial court elaborated on this statement, finding that it was "impressed that a reading of the five statements complained of . . . reveals that many of the LFT claims are either true or based on published statements by [APEL]. . . ."
If LFT's assertions were indeed truly pure statements of opinion, i.e., LFT's entirely subjective view of APEL, the statements should have no hint of being true or false. See Cooksey, supra. Upon review of LFT's pamphlet, we agree with the trial court that there are definitely statements of pure opinion made therein regarding APEL. However, the pamphlet also contains statements, purporting to be factual, to buttress those opinions. Clearly, the nature of those statements creates a question of material fact, because they go past being assertions of pure opinion  they are not subjective statements. We conclude that whether those "supporting" statements, which APEL also complains of, are actually true (making the pamphlet non-defamatory) or actually false (potentially making the pamphlet defamatory) is not a determination that can be properly decided in a motion for summary judgment.
Notably, during the course of this litigation the depositions of Sandra Lollie, president of the Monroe Federation of Teachers and School Employees, and Polly Broussard, executive director of APEL, were taken and have been made part of the record on appeal. It is apparent from our review of these dueling depositions that the statements made by LFT in its pamphlet go beyond being pure opinion. Lollie and Broussard had divergent views on the LFT statements and the underlying facts that they addressed. An assessment of those facts and the deposed parties' *246 varying testimony cannot be properly performed in a summary judgment proceeding.
Finally, whereas we agree with the trial court that it appears that APEL is acting like a union, we further believe such a determination is a factual one that is not appropriate to conclude on summary judgment. If the status of APEL as an organization is going to be given any weight in the final determination of whether LFT's pamphlet was defamatory, evidence of that status will have to be considered and a factual conclusion drawn-not something performed in a summary judgment proceeding.
We are fully cognizant that defamation actions have been found particularly susceptible to summary judgment. See Kennedy, supra. However, considering the precise statements made, we do not believe that this specific matter is particularly susceptible to summary judgment, and the trial court erred in concluding otherwise.

CONCLUSION
For the foregoing reasons, the motion for summary judgment granted in favor of the Louisiana Federation of Teachers which dismissed the claims of the Associated Professional Educators of Louisiana is reversed and remanded to the trial court for further proceedings. Costs of this appeal are assessed to LFT.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, DREW and LOLLEY, JJ.
Rehearing denied.
GASKINS, J., would grant rehearing.
NOTES
[1] Notably, LFT has not argued that its statements did not meet the standard of being defamatory per se. There is no issue that the statements were published, and obviously by their very nature, they tended to injure the professional reputation of APEL.