WELCH, J.
 

 |2The plaintiff, Hellary Greene, Jr., appeals a summary judgment granted in favor of the defendant, Loetia M. Young, which dismissed Mr. Greene’s defamation claim against Ms. Young. For the reasons that follow, we affirm.
 

 I. FACTUAL AND PROCEDURAL HISTORY
 

 On May 17, 2004, the plaintiff, an employee of the Louisiana Department of Public Safety and Corrections, commenced these proceedings, seeking damages for discrimination based on age and gender, defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Named as defendants were: the State of Louisiana, through the Department of Public Safety and Corrections; Johnnie Jones, the former Warden of the Louisiana Correctional Institute for Women; and Loetia M. Young, the former Assistant Warden of the Louisiana Correctional Institute for Women.
 

 All claims against the defendants were ultimately dismissed,
 
 [1]
 
 except Mr. Greene’s defamation claim against Ms. Young. According to Mr. Greene’s petition, Ms. Young defamed him when she called him a “pathological liar” in the presence of his co-employees and subordinates. Ms. Young does not deny that she called him a “pathological liar,” but asserts that the statement was true, and alternatively, she asserts that the statement was an expression of her opinion and therefore, protected by the First Amendment to the United States Constitution.
 

 Thereafter, Ms. Young filed a motion for summary judgment, seeking the dismissal of Mr. Greene’s defamation claim. By judgment signed on August 29, 2007, the trial court granted Ms. Young’s motion for summary judgment and | ...dismissed Mr. Greene’s claim against her.
 
 [2]
 
 From this judgment, Mr. Greene has appealed.
 

 
 *351
 
 II. LAW AND DISCUSSION
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 Costello v. Hardy,
 
 2003-1146, p. 8 (La.1/21/04), 864 So.2d 129, 137. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B);
 
 Costello,
 
 2003-1146 at p. 8, 864 So.2d at 137.
 

 On a motion for summary judgment, the burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
 

 Defamation is a tort which involves the invasion of a person’s interest in his or her reputation and good name.
 
 Costello,
 
 2003-1146 at p. 12, 864 So.2d at 139. Four elements are necessary to establish a defamation cause of action: (1) a false Land defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury.
 
 Id.
 
 The fault requirement is often set forth in the jurisprudence as malice, actual or implied.
 
 Id.; see Cangelosi v. Schwegmann Brothers Giant Super Markets,
 
 390 So.2d 196, 198 (La.1980) (which also considers falsity as a fifth and separate element). Thus, in order to prevail on a defamation claim, a plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.
 
 Costello,
 
 2003-1146 at p. 12, 864 So.2d at 139-140. If even one of the required elements of the tort is lacking, the cause of action fails.
 
 Costello,
 
 2003-1146 at p. 12, 864 So.2d at 140.
 

 Defamatory words are, by definition, words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or to otherwise expose a person to contempt or ridicule.
 
 Costello,
 
 2003-1146 at p. 13, 864 So.2d at 140. Words that convey an element of personal disgrace, dishonesty, or disrepute are defamatory.
 
 Id.
 
 The question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court.
 
 Id.
 
 The question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense.
 
 Id.
 
 To be actionable, the words must be communicated or “published” to someone other than the plaintiff.
 
 Id.
 

 Even when a plaintiff makes a
 
 prima facie
 
 showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified.
 
 Costello,
 
 2003-1146 at p. 15, 864 So.2d at 141. Additionally, the First Amendment freedoms afford, at the very
 
 *352
 
 least, a defense against defamation factions for expressions of opinion.
 
 Cooksey v. Stewart,
 
 41,336, p. 7 (La.App. 2nd Cir.8/23/06), 938 So.2d 1206, 1211,
 
 writ denied,
 
 2006-2348 (La.12/8/06), 943 So.2d 1087. A pure statement of opinion, which is based totally on the speaker’s subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation.
 
 Id.; Bussie v. Lowenthal,
 
 535 So.2d 378, 381 (La.1988). That is because falsity is an indispensable element of any defamation claim, and a purely subjective statement can neither be true nor false.
 
 Cook-sey,
 
 41,336 at p. 7, 938 So.2d at 1211;
 
 Bussie,
 
 535 So.2d at 381. The opinion may be ostensibly in the form of a factual statement if it is clear from the context that the speaker did not intend to assert another objective fact, but only his personal comment on the facts which he had stated.
 
 Cooksey,
 
 41,336 at p. 7, 938 So.2d at 1212. The crucial difference between a statement of fact and opinion depends on whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker’s or writer’s opinion, or as a statement of existing fact.
 
 Mashburn v. Collin,
 
 355 So.2d 879, 885 (La.1977).
 

 In this case, Ms. Young sought summary judgment dismissing Mr. Greene’s claims against her, both on the merits and pursuant to her asserted defenses. Thus, Ms. Young had the initial burden of either pointing out an absence of factual support for one or more elements essential to Mr. Greene’s defamation or of presenting a
 
 prima fade
 
 case that no genuine issue of material fact existed with regard to one of her defenses.
 

 After a
 
 de novo
 
 review of the record, we find that Ms. Young established that summary judgment was proper as to her defense that her statement was an expression of her opinion and was, therefore, was protected by the First Amendment. According to the pleadings, depositions, and affidavits that are contained in the record before us, Mr. Greene called a meeting among the other | f,assistant wardens of the Louisiana Correctional Institute for Women to discuss a rumor. At that meeting, Ms. Young either referred to or admitted that she had referred to Mr. Greene as a “pathological liar.” The record contains no other information or facts concerning the discussion that occurred at this meeting or the events at the meeting that led to Ms. Young’s reference to Mr. Greene as a pathological liar.
 

 The only inference which can be inferred from Ms. Young’s statement is that she believed Mr. Greene was a “pathological liar.” There is no evidence in the record demonstrating that, when Ms. Young made the statement or admitted to making the statement about Mr. Greene, she also stated or implied any underlying facts to support her belief. Thus, her statement was based on her subjective view of Mr. Greene. We also note that her statement or her admission to making the statement was made in the context of a meeting for the purpose of discussing a rumor. Since no underlying specific facts were attributed to the statement, in the context in which the statement was made, Ms. Young’s reference to Mr. Greene as a “pathological liar,” while insulting to Mr. Greene, was nothing more than an expression of Ms. Young’s opinion.
 

 Accordingly, we find that Ms. Young established that there was no genuine issue of material fact that her statement was protected speech under the First Amendment, and thus, she had a valid defense to Mr. Greene’s defamation action against her. The burden then shifted to Mr. Greene to produce sufficient countervailing evidence demonstrating a genuine issue of
 
 *353
 
 fact that Ms. Young’s statement was not an expression of her opinion. Based on our review of the record, we find that Mr. Greene failed to do so. Therefore, the trial court properly granted summary judgment in favor of Ms. Young and dismissed Mr. Greene’s defamation claim against her.
 

 |7III. CONCLUSION
 

 For the above and foregoing reasons, the August 29, 2007 judgment of the trial court is hereby affirmed.
 

 All costs of these proceedings are assessed to the plaintiff, Hellary Greene, Jr.
 

 AFFIRMED.
 

 [1]
 

 . Although there is no judgment or other evidence in the record that the other claims and defendants were dismissed, both parties state in their respective briefs to this court that the other claims were dismissed and that the sole remaining issue was Mr. Greene’s claim against Ms. Young for defamation.
 

 [2]
 

 . We note that Mr. Greene also sought sum-maty judgment on the issue of Ms. Young’s liability. However, the trial court's judgment is silent with respect to that motion. When a judgment is silent as to a claim or demand placed before the court, it is presumed that the court denied the relief sought.
 
 See Caro v. Caro,
 
 95-9173, p. 7 (La.App. 1st Cir. 10/6/95), 671 So 2d 516, 520. Accordingly, we conclude that the trial court denied Mr. Greene’s motion for summary judgment.