NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**10-0808**

**MORRIS J. BAUDOIN**

**VERSUS**

**BRAVO DRILLING, LLC, ET AL**

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20092024
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain,[*] Judges.

**AFFIRMED.**

**Mark D. Plaisance**
**Attorney at Law**
**P. O. Box 709**
**Baker, LA 70704-0709**
**(225) 775-5297**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **Morris J. Baudoin**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Tracy E. Kern**
**Jennifer L. Englander**
**John L. Duvieilh**
**Katherine L. Winters**
**Jones, Walker, Waechter, Poitevent, Carrére & Denégre**
**201 St. Charles Avenue, 47th Floor**
**New Orleans, LA 70170-5100**
**(504) 582-8134**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Bravo Drilling LLC, et al.**

PETERS, J.

The plaintiff, Morris J. Baudoin, appeals a trial court judgment granting summary judgment in favor of the defendant, Bravo Drilling, L.L.C. (formerly known as Axxis Drilling, L.L.C. and/or Axxis Drilling, Inc.), after determining that the alleged defamatory words of a Bravo Drilling employee were not the cause of his damages. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

Mr. Baudoin, a former employee of Bravo Drilling, filed suit seeking damages for defamation against his former employer. In his petition, he alleged that he was on the verge of being hired by Helix Energy Solutions (Helix), a Houston, Texas based company, when Bravo Drilling provided false information regarding his former employment with that company to HireRight, Inc., a company utilized by Helix to perform background checks on prospective employees. He asserted in his petition that Bravo Drilling provided false information to Helix concerning his actual length of employment with Bravo Drilling, his correct job description with that company, and prior terminations of his employment with Bravo Drilling. Mr. Baudoin alleged that based on this erroneous information, Helix rescinded the formal offer of employment it had previously tendered to him, and as a result, he lost all the benefits associated with the employment opportunity.

As a part of its response to Mr. Baudoin's suit, Bravo Drilling filed a motion for summary judgment. In support of that motion, Bravo Drilling introduced affidavits by Donna M. Boudreaux, the Corporate Human Resources Manager for Helix, and Lisa Williams, Bravo Drilling's Human Resources Manager.

In her affidavit, Ms. Boudreaux asserted that her duties included involvement in Helix's hiring decisions and that she was personally involved in its ultimate

decision not to hire Mr. Baudoin. According to Ms. Boudreaux, the decision not to hire Mr. Baudoin was based primarily on his 2001 conviction for domestic violence and not only on information that may have been provided to HireRight by Bravo Drilling. Ms. Boudreaux asserted in her affidavit that Helix has as its policy not to hire violent offenders to work offshore.

Ms. Williams acknowledged in her affidavit that she provides employment information concerning former employees of Bravo Drilling to prospective employers. With regard to the information she provided to HireRight, Ms. Williams stated that the information was not false and, if inaccurate, was made in good faith and for the legitimate purpose of verifying Mr. Baudoin's employment with Bravo Drilling.

Mr. Baudoin did not appear at the hearing on the motion for summary judgment and offered no evidence in support of his position in opposition. After the hearing, the trial court rendered summary judgment in favor of Bravo Drilling and dismissed Mr. Baudoin's suit.

On appeal, Mr. Baudoin raises two assignments of error:

A. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute. The existence of such a fact precludes summary judgment. Because the court relied upon Donna Boudreaux's affidavit that presented a factual determination as to why Morris Baudoin was not hired, it committed error by granting summary judgment.

B. A former employer who provides information about an employee to a prospective employer can enjoy a qualified privilege if the information, even if defamatory, is provided in "good faith." Yet, when a person's good faith is at issue, summary judgment is never appropriate. The trial court erred, therefore, when it found that the defendant could rely upon a qualified privilege to defeat plaintiff's claim via summary judgment.

2

**OPINION**

A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). In *Hines v. Garrett*, 04-806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66 (alteration in original), the supreme court discussed the law pertaining to summary judgment procedure:

> We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.
>
> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id*.
>
> Louisiana Code of Civil Procedure art. 966(C)(2) provides:
>
> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, motion, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

3

At issue here is whether the provision of allegedly false information to HireRight and, ultimately, Helix, by Bravo's employee defamed Mr. Baudoin.

Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Costello* [*v. Hardy*], 2003-1146 at p. 12, 864 So.2d [129] at 139. Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Id.* The fault requirement is often set forth in the jurisprudence as malice, actual or implied. *Id.*; *see Cangelosi v. Schwegmann Brothers Giant Super Markets*, 390 So.2d 196, 198 (La.1980) (which also considers falsity as a fifth and separate element). Thus, in order to prevail on a defamation claim, a plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages. *Costello*, 2003-1146 at p. 12, 864 So.2d at 139-140. If even one of the required elements of the tort is lacking, the cause of action fails. *Costello*, 2003-1146 at p. 12, 864 So.2d at 140.

Defamatory words are, by definition, words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or to otherwise expose a person to contempt or ridicule. *Costello*, 2003-1146 at p. 13, 864 So.2d at 140. Words that convey an element of personal disgrace, dishonesty, or disrepute are defamatory. *Id.* The question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court. *Id.* The question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense. *Id.* To be actionable, the words must be communicated or "published" to someone other than the plaintiff. *Id.*

Even when a plaintiff makes a *prima facie* showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. *Costello*, 2003-1146 at p. 15, 864 So.2d at 141. Additionally, the First Amendment freedoms afford, at the very least, a defense against defamation actions for expressions of opinion. *Cooksey v. Stewart*, 41,336, p. 7 (La.App. 2nd Cir.8/23/06), 938 So.2d 1206, 1211, *writ denied*, 2006-2348 (La.12/8/06), 943 So.2d 1087. A pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts, usually will

4

not be actionable in defamation. *Id.*; *Bussie v. Lowenthal*, 535 So.2d 378, 381 (La.1988). That is because falsity is an indispensable element of any defamation claim, and a purely subjective statement can neither be true nor false. *Cooksey*, 41,336 at p. 7, 938 So.2d at 1211; *Bussie*, 535 So.2d at 381. The opinion may be ostensibly in the form of a factual statement if it is clear from the context that the speaker did not intend to assert another objective fact, but only his personal comment on the facts which he had stated. *Cooksey*, 41,336 at p. 7, 938 So.2d at 1212. The crucial difference between a statement of fact and opinion depends on whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact. *Mashburn v. Collin*, 355 So.2d 879, 885 (La.1977).

*Greene v. State ex rel. Dept. of Corrs.*, 08-2360, pp. 3-5 (La.App. 1 Cir. 6/19/09), 21 So.3d 348, 351-52.

In rendering summary judgment, the trial court stated the following:

So I do find that you all are entitled to summary judgment in this matter, that you have shown that there is no material issue of fact as to whether his failure to obtain employment with Helix had any relationship to the information provided by Bravo.

So I don't think we even have to reach the issue of whether there was a qualified privilege, although this court certainly feels that there was.

But, based on the fact that the failure to hire had nothing to do with the report, I'm going to grant summary judgment.

In other words, the trial court concluded that Mr. Baudoin had failed to establish the "resulting injury" element of his defamation action.

After reviewing the record, we find no error in the trial court's grant of Bravo Drilling's summary judgment. With Ms. Boudreaux's affidavit, Bravo Drilling successfully pointed out to the trial court an absence of factual proof for at least one of the essential elements of defamation. Mr. Baudoin failed to produce factual support sufficient to establish that he could satisfy his evidentiary burden of proof at the trial on the merits. Therefore, there is no genuine issue of material fact as to this issue, and Bravo Drilling is entitled to judgment as a matter of law. La.Code Civ.P.

5

art. 966(C)(2).

Because we find no error in the trial court's judgment, we need not address the qualified privilege issue raised in the second assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of Bravo Drilling, L.L.C. We assess all costs to Morris J. Baudoin.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.